## DOUCET v. DUGAS et al.

### No. 1559.

Court of Appeal of Louisiana. First Circuit.

Feb. 20, 1936.

Waldo H. Dugas, of Lafayette, for appellants.

Labbe & Guidry, of St. Martinville, for appellee.

OTT, Judge.

The plaintiff claims to be the owner of a note for $348.94, dated February 26, 1930, signed by the defendants, due five years from date, bearing 8 per cent. per annum interest from date, secured by a special mortgage on property situated in St. Martin parish. He alleges that the note was given for money loaned by him to defendants, and that he deposited said note in a cracker can in his store at Catahoula Lake, in which can he kept his papers; that in July, 1934, his son, Ignace Doucet, found that the note was missing from said receptacle, and on investigating the mortgage records of the parish his said son found that the note had been presented to the recorder and the mortgage canceled on August 7, 1930, which cancellation was made at the instance of the defendant Vincent Guidry; that he thereupon, through his attorneys, made demand on Mrs. Vincent Guidry to erase from the mortgage records the erroneous cancellation of said mortgage and to have the note restored ·and declared to be in full force and effect. On the refusal of defendants to comply with the request, plaintiff filed this suit seeking to have the cancellation of said mortgage erased and that said mortage be declared in full force and effect, that defendants be ordered to return the note if same was in their possession, and, if not, that said note be decreed in full force and effect.

Defendants admitted the execution of the note and mortgage as alleged, but alleged that during August, 1930, the plaintiff voluntarily remitted the debt evidenced by said note by returning the note to defendants, and that the said note has been continuously in their possession or under their control since that time. Defendants admit having the mortgage canceled in the mortgage office of the parish.

The lower court rendered judgment for plaintiff as prayed for, and defendants appeal.

The question presented for decision is one of fact; that is, whether or not plaintiff remitted the debt by voluntarily returning the note. Having admitted the

debt and the execution of the note and mortgage, the burden rests upon defendants to prove by a preponderance of the evidence that the debt has been discharged. Civ.Code, art. 2232. Article 2199, Civ. Code, provides:

"The remission of the debt is either conventional when it is expressly granted to the debtor by a creditor either having a capacity to alienate; or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation."

In the light of these provisions of our law, have these defendants proven by a proponderance of the evidence that plaintiff expressly remitted this debt or tacitly made the remission by voluntarily surrendering the note evidencing the debt? The testimony on this point is conflicting.

Plaintiff testifies positively that he never gave the note to any one after giving it to his son to put in the cracker can for safekeeping with his other papers; that he did not miss the note until his son called his attention to the matter in 1934. Ignace Doucet, the son who had charge of plaintiff's affairs, says that his father gave him the note shortly after it was executed and that he put the note in the cracker can in the store on a shelf; that he never missed the note until some time in 1934.

The defendant Elianthe Dugas, wife of Vincent Guidry, testifies that she is the sister of plaintiff's wife; that she lived with plaintiff and his wife for some five years and worked for them in the home and in the store; that she left their place just before she married; that on August 4, 1930, a few months after the note was executed, plaintiff came to her home and had this conversation with her about the note:

"Q. On or about the 4th day of August, 1930, what was done with the note in question? A. Mr. Aurelien Ducet came to me and he said, here I give you this note because you rendered me services, you made enough for me, I know you are going to have a hard time to pay it so I give it to you.

"Q. Did he tell you anything else when he was there? A. No; somebody came in the store and he told me to save it and he quit talking about it and not to tell anyone about it."

Further on she testifies that the note was given her, and the conversation took place at her home in the kitchen and the conversation was cut short by some one coming into the store which she operated in the front part of her home. She says that her husband was in a room near by and that he heard part of the conversation.

Vincent Guidry, the husband, said he was in the next room and heard plaintiff state to his wife, "Here I give you the note." Further on he says plaintiff said to his wife, "Here is your note. I do not believe you can pay it, times are hard, so here it is."

Mrs. Guidry told her attorney before the suit was filed that the note had been paid, and the attorney so wrote the attorneys for plaintiff. She also told several others before and after the suit was filed that the note had been paid, and said nothing of its remission. Her explanation of this discrepancy is that plaintiff had told her when giving her the note to say that it had been paid if any one asked her about it. There are several other discrepancies in her testimony which we need not mention here. The trial judge, after a careful analysis of the testimony, came to the conclusion that defendants had not overcome the burden of proving a remission of the debt. After reaching the conclusion that defendants had failed to show a remission of the debt, the trial judge concludes his reasons for judgment as follows: "On the other hand the testimony of plaintiff is positive and clearly defeats the plea of remission. It is not necessary for the court to comment upon the possession of the note by defendants."

We find no error in the judgment of the lower court.

For the reasons assigned, the judgment is affirmed.