HIGGINS, Justice.
 

 This is an appeal from a judgment sustaining certain oppositions to a proposed judicial partition by recognizing the claims asserted by both the plaintiffs and defendants and dismissing the opposition as to other claims of the defendants. The defendants alone appealed.
 

 Joseph Santoine, who originally owned the feal estate involved, died on April 20, 1923, intestate, and his succession was duly opened in the civil district court, parish of Orleans. His father and mother survived him and were recognized as forced heirs, entitled to one-half of the property. The deceased’s brothers, Oscar, Walter J., and Robert M., and his sister, Mrs. Bertha Santoine, wife of Benjamin Oldstein, were recognized as heirs at law, entitled to an undivided one-tenth each of the property. Lionel H. (Jr.), Dexter P., and Gloria B. Hemard, children of a predeceased sister of the deceased, inheriting by representation through their mother, were recognized as heirs of the deceased, entitled to an undivided one-tenth of the property. In these proceedings, the interest of the minors was ordered sold for the price and sum of $1,500, and by notarial act of sale dated August 28, 1928, the interest of the minors in the property was sold to their grandparents, Mr. and Mrs. Frank Santoine, for $1,500. It is admitted that the purchase price was not paid to the tutor, who
 
 signed the
 
 act of sale acknowledging receipt of the money. Previously, on August 17, 1928, the major collateral heirs, Oscar, Robert M., Walter J., and Mrs. Bertha Santoine, wife of Benjamin Oldstein, sold their respective interests in the property to their father and mother, Mr. and Mrs. Frank Santoine, for the sum of $3,000. It is also admitted that the purchase price was not paid to these parties.
 

 On August 13, 1929, Frank Santoine, father of Joseph Santoine, died, intestate, and his succession was duly opened in the parish of Orleans, and the heirs placed in possession thereof.
 

 On November 10, 1930, Mrs. Alice Loze, widow of Frank Santoine and the mother of Joseph Santoine, died intestate and her succession was opened in the civil district court for the parish of Orleans, and the heirs recognized and placed in possession.
 

 Subsequent to these two judgments, Walter J. Santoine sold all of his rights, title, and interest in the real estate in question to Mrs. Alva Margaret Maser, divorced wife of Dominick D. Sequeria.
 

 In a partition proceeding entitled Santoine et al. v. Sequeria, filed in the civil
 
 *485
 
 district court, the real estate was sold at public auction on December 19, 1935, to Oscar and Robert M. Santoine and Mrs. Bertha Santoine, wife of Benjamin Old-stein, for the sum of $6,500. These parties, as purchasers, demanded that the amount of their respective claims of $783 each, for the unpaid purchase price in the sale when the property was sold by them to their mother and father, be credited on the amount of their bid. The request was refused, resulting in a proceeding by these three parties, wherein they claimed that this amount was due each of them for the unpaid purchase price resulting from the sale by them to their parents. The duly appointed and qualified tutor of the minors, Lionel H. (Jr.), Dexter P., and Gloria B. Hemard, opposed these claims on the ground that they had been remitted by the claimants. The tutor claimed, in behalf of the minors, the $1,500 representing the unpaid purchase price of the sale by them to the maternal grandfather and grandmother, Mr. and Mrs. Frank Santoine; and also claimed that Oscar Santoine, their agent, had failed to account to the minors for the deposits in the savings department of the Hibernia Bank & Trust Company amounting to the sum of $2,000, plus interest, and the sum of $266.33 on deposit with the D. H. Holmes Company, Limited, branch of the Hibernia Bank & Trust Company, as well as the income from dividends of two shares of stock of the American Tel. & Tel. Company, and three shares of the common stock in the United States Steel Corporation.
 

 The claim of the minors to the $1,500 was not resisted, but liability for the other items was denied on the ground that a full settlement had been made by Oscar Santoine with the tutor of the minors.
 

 The district judge rendered judgment in favor of the major heirs, including Walter J. Santoine, for the sum of $783 each, representing the claimed unpaid purchase price, and judgment in favor of the minors for the sum of $1,500, representing the unpaid purchase price due them, but denied the tutor’s other claims in behalf of the minors.
 

 The tutor appealed and there was no answer to the appeal."
 

 We shall take up these issues in the reverse order:
 

 The tutor of the minors denied that he had ever received any portion of the two deposits in the savings account of the bank. Counsel for the major 'heirs confronted him with a receipt dated at New Orleans, La., January 5, 1931, showing that receipt of the sum of $2,035 was acknowledged by all of the heirs including the tutor for the minors, in full settlement and satisfaction of the amount due them as heirs of the succession of Mrs. Alice Loze, widow of Frank Santoine, represented by savings passbook No. 87,583 (Hibernia Bank & Trust Company), in the name of Mrs. F. Santoine.
 

 After some hesitation, he admitted his signature, but denied that he had received the minors’ portion of the money, and stated that the receipt was signed at the request of the attorney for the succession, in the attorney’s office and not at the bank. To show that he was not present at the
 
 *487
 
 bank on January 5, 1931, he introduced in evidence a copy of the pay roll record and the testimony of an officer of his employer showing that he had worked six hours that day, beginning at 8 o’clock a. m., in the morning. It was shown by the major heirs that the bank remained opened until 3 o’clock in the afternoon, which allowed time for the tutor to present himself at the bank.
 

 Walter J. Santoine testified that he did not remember ever having received any portion of the money, and on cross-examination admitted that he did not remember this transaction at all, although he did not deny his signature to the receipt.
 

 Oscar, Robert M., and Mrs. Bertha Santoine, wife of Benjamin Oldstein, all testified that the parties met at the bank, signed the receipt, and received the respective amounts due them.
 

 Counsel for the tutor argues that since the major heirs stated that a Mr. Jay, representing the bank, was present, their failure to produce him as a witness raised the presumption that his testimony would have been unfavorable to the position of the major heirs.
 

 We conclude, as the trial judge, that the clear statements of the three major heirs, corroborated by the receipt, establishes the fact that Oscar Santoine had properly accounted for these moneys. The testimony of Walter J. Santoine and the tutor of the minors is not convincing and is insufficient tó overcome the evidence of the major heirs.
 

 As to the small dividends from the. stocks, it appears that this money was distributed to the year 1934 and the dividends accruing thereafter were deposited in the Continental Bank, which failed. No attempt is made to fasten the liability on Oscar Santoine for this loss.
 

 As we have already pointed out, the major heirs concede that the minors are entitled to their claim of $1,500. The remaining issue is whether or not the major heirs are entitled to their claim for the unpaid purchase price.
 

 The three major heirs testified that they transferred their interest to their mother and father as a matter of convenience for the collection of rent from the property which was of a commercial nature. They stated that they had no desire to interfere with their mother or father as long as they lived, because they wanted them to enjoy the fruits and benefits of the property, but that they had no intention of remitting or canceling their claims for the unpaid purchase price.
 

 Walter J. Santoine, one of the four-major heirs, who sold his interest to Mrs. Alva Margaret Maser Sequeria, as a witness in opposition to the claims of his brothers and sister, testified that it was his recollection that they all had a conference and agreed to transfer their interest in the property to their mother and father outright, without reserving their claims for the unpaid purchase price. The claimants deny that they ever had any such conference or agreement between them, or that it was ever their intention to waive their claims.
 

 In a petition filed in behalf of Oscar, Walter J., Robert M., and Mrs. Bertha
 
 *489
 
 Santoine, wife of Benjamin Oldstein, in the Succession of Mrs. Alice Loze, widow of Frank Santoine, their mother, the parties reserved the right to claim the sum of $3,132, representing the unpaid sale price of their interest in the real estate to their parents on August 17, 1928.
 

 The trial judge concluded that the preponderance of the evidence showed that the plaintiffs did not expressly or tacitly remit their claim for the unpaid purchase price. Doucet v. Dugas et al. (La.App.) 165 So. 754. The fact that Walter J. Santoine testified against his own interest, and further, the fact that the majors’ claim for their money is made about eight years after, is not sufficient to overcome the positive testimony of the major heirs, corroborated by the reservation declaration of all of them, including Walter J. Santoine, in the succession proceedings of his mother. It is unusual for a witness to testify against his own interest, but it appears that Walter J. Santoine and the tutor were forced by the major heirs to vacate the property, where they were operating a night club, for the nonpayment of rent. These parties, therefore, would be hostile witnesses. It will also be observed that Walter J. Santoine’s memory was admittedly faulty, because he could not remember the transaction evidenced by the written receipt in connection with the bank deposit. The tutor’s memory is also unreliable. The long delay by the major heirs in presenting their claim is reasonably explained by the fact that until the minors made their claim, the majors would not be prejudiced, because, the situation as far as the amount of the respective interests were concerned would remain the same after the death of Mrs. Santoine as it was after the death of Joseph Santoine, the brother. In short, by denying the majors’ claim for the unpaid purchase price and asserting their own claim, the minors would benefit to the extent of $1,500. When this situation confronted the major heirs, they asserted their rights. It is our conclusion that the trial judge properly decided this issue.
 

 Counsel for the major heirs, in his brief, states that we- should amend the judgment so as to deny Walter J. Santoine his pro rata of the-unpaid purchase price on the ground that he judicially admitted that he had remitted it.
 

 The result of the finding of the trial judge was a rejection of Walter J. Santoine’s testimony and an acceptance of the other major heirs’ testimony. No one reading Walter J. Santoine’s testimqny could justly or reasonably conclude Lhat he intended to remit his own pro rata of the purchase price, even though the other heirs did not do so. If he were under the impression, as he testified, that the other heirs were also remitting their pro rata, and the trial judge, as well as this court concluded that he was in error in that respect, the best that could be said of his statement is that he was willing to remit his pro rata, provided the other heirs remitted their interest. In other words, a conditional remission — but the condition was not fulfilled.
 

 It would, therefore, be manifestly unjust to him to hold that his claim was remitted, whereas, the other heirs’ claim
 
 *491
 
 was entitled to recognition. In any event, the appellees did not answer the appeal and, consequently, they cannot ask that the judgment be modified.
 

 The three major heirs made Walter J. Santoine a party to the proceedings and although he did not claim his pro rata of the unpaid purchase price, all of the parties were before the court and the evidence showed that he was entitled to this money just as the other three major heirs were and, therefore, the district judge,-having all parties before him, properly awarded to him what was his pro rata share.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellants’ costs.
 

 O’NIELL, C. J., absent.