LE BLANC, Justice.
This is a suit for specific performance calling upon the widow and heirs of Truett L. Scarborough to convey to the plaintiff a good and sufficient title to ten mineral acres in and under a certain tract of land described as being the S.E. of S.E. of Section 3 and the North 28 acres of the S.W. of S.E. %, Section 2, Township 18 North, Range 2 West, Lincoln Parish.
Originally the plaintiffs were W. S. Mackey and eight other individuals. These eight were the grantees of Mackey of different mineral interests in twenty-three mineral acres in other lands which he had previously bought from C. E. Barham. Truett L. Scarborough, a practicing attorney had examined the title to these twenty-three acres and had informed Mac-key that the title was good and merchantable. Subsequently Mackey was advised by the California Company, an oil and gas production company having extensive holdings in.Lincoln Parish, that Barham had oversold ten of the twenty-three acres, which information turned out to be correct. Negotiations then took place by correspondence between Mackey and Scarborough which resulted in the latter offering to convey the ten mineral acres which form the object of this suit.
In the meatime Barham had reimbursed $300, that being the proportionate part of the purchase price of the ten mineral acres he was unable to convey to Mackey. He paid this sum to Scarborough who he understood to be acting as Mackey’s attorney. Scarborough died suddenly before delivering the money to Mackey and before doing anything else with regard to the ten mineral acres of land he had offered to convey, and Mackey, contending that he had accepted the offer and there had resulted a complete contract between them, instituted this suit against Scarborough’s widow and heirs to have it enforced.
Shortly after suit was filed, Mackey’s eight co-plaintiffs who, the petition and correspondence attached to it indicate, had acquired all of Mackey’s interest in the twenty-three mineral acres he had bought from Barham, filed a motion and were granted a court order of dismissal as far as they were concerned and that left Mackey as the sole party plaintiff. On that same day he filed a supplemental petition in which he set out the negligence of Scarborough in examining the title to the twenty-three mineral acres conveyed in the Barham sale. He also alleged Scarborough’s offer to make restitution for his acknowledged negligent act by deeding him ten mineral acres of land which he owned, which offer, he alleged, was accepted by him. He also alleged that the $300 returned by Barham to Scarborough was to serve as additional consideration for Scarborough’s agreement to convey the ten mineral acres.
*109 Defendants first filed an exception of no cause of action which was sustained by the district judge. Plaintiff was successful in obtaining a rehearing, whereupon the exception was referred to the merits. A second supplemental petition was then filed by the plaintiff which, like the first, made no mention of the fact that he had conveyed all of his interest in the twenty-three acres bought from Barham to the parties who had originally joined him in the suit. This petition reiterated the allegations concerning Scarborough’s negligence, the agreement between them and the present defendants’ obligation to carry it out.
The defendants filed an answer in which they admitted all the facts leading up to the correspondence that took place between Mackey and Scarborough. They further admitted the contents of the letters exhibited by the plaintiff but denied that they constituted an acceptance of Scarborough’s offer to convey the ten mineral acres involved in the suit and averred that their only obligation was to return the $300 Barham gave to Scarborough which had been previously offered to him but which he refused to accept. Further answering they averred that Mackey has no interest in filing this suit, having sold the entire twenty-three royalty acres he had acquired, or attempted to acquire from C. E. Barham and therefore his petition stated no right or cause of action.
The case was submitted on the various offerings which consisted principally of the exchange of letters between Mackey and Scarborough. The only oral testimony was that of C. E. Barham who stated that a fair value of the mineral rights in dispute would be $3,000. On the record as presented to him the trial judge rendered judgment in favor of the defendants, dismissing the suit. Plaintiff then took an appeal to this Court.
The trial judge did not assign written reasons for judgment and we are without information as to the ground on which he dismissed plaintiff’s suit; whether it was on plaintiff’s lack of interest or because there was no definite contract to be enforced. We have reached the conclusion, however, in considering the issue on the merits of the case that he properly decreed a dismissal.
The decision, in our opinion, depends on the interpretation that is to be placed on the letters which, it is urged by plaintiff, constituted the agreement on which he relies.
It seems to be conceded that plaintiff had a cause of action for damages against Scarborough arising out of the latter’s error in advising him that the title to the whole of the twenty-three- mineral acres he bought from Barham was good arid merchantable. Indeed Scarborough himself realized his liability in that respect since he offered to make some sort of restitution. His offer was in the nature of *111 one of compromise, and’ by the terms of Article 3071 of the LSA-Civil Code contracts of that kind must be reduced to writing. It is contended by plaintiff that the letters exhibited in the record constituted the writing necessary to form the contract. It becomes necessary therefore to analyze and interpret the correspondence between Mackey and Scarborough in the light of all that had transpired before.
It began with Mackey’s letter of July 19, 1948 in which he tells Scarborough about the information he had received from the California Company. He states that he had sold the interest he had acquired from Barham to a number of friends and customers and that not only is he in a very embarrassing position but has occasioned a personal loss. He asks Scarborough to let him know what can be done, if anything and also for some sort of letter that he can show to the parties he had sold to, naming the eight who had joined him as plaintiffs in this suit.
Scarborough replied on July 21, 1948 telling him that “if (he) will contact (his) friends and customers * * * and satisfy them on the deal, (he) shall reimburse (him) for the sum that it costs.” He expresses his intention to continue to obtain ten mineral acres in the same area but doubts that he can and concludes by saying that apparently the only thing for Mackey to do is to reimburse his customers in the amount necessary to satisfy them.
On October 11, 1948 Scarborough writesMackey that he owns seventeen acres of a tract of land in another area and tells-him that “if (his) friends are willing to-accept this ten acres (he) shall immedidiately draw a deed to (him).”
To this letter Mackey replied on October 21, 1948 stating: “As soon as I have time to figure out how this ten acres should be divided amongst the various people who are interested, I will write you and give you my figures, which you can then check yourself and draw your deed accordingly.”
■On November 17, 1948, he writes Scarborough again telling him that he has no way of ascertaining the interests he sold and suggests that he (Scarborough) can better find this from the records and “most certainly” he adds, “we want to be sure that everyone gets his acreage or fraction thereof.”
Scarborough answered this letter on November 20, 1948 informing Mackey that he had to go to Shreveport and would be engaged in a very important case all week and then advises: “I shall attend to the matter stated in your letter as soon as I return from Shreveport and can get around to it.”
It was while he was in Shreveport that Mr. Scarborough died suddenly and the matter ended for the time being with his death.
*113 We think that the foregoing résumé of •the correspondence may very well indicate that there was a definite offer on the part ■of Mr. Scarborough to settle the matter in •the manner set out in his letter of October 11, 1948, but there never was such an acceptance on the part of Mr. Mackey as to form a valid and binding contract between them. Mr. Mackey seemed to be always •conscious of the fact that he had sold his interest in his acquisition from Barham to ■other parties and if any agreement could be reached with Mr. Scarborough in settlement of the latter’s mistake in recom:mending the title he had purchased, it ■would have to be one that was satisfactory 'to his grantees. Aware of this contingency, Mr. Scarborough predicated his offer to deed ten acres of his land on the willingness of these parties to accept. Some-thing therefore remained to be done; that was to secure the acceptance of these parties and ascertain the respective interest -each was to have in the ten acres to be •conveyed. This, as indicated in the letters that followed was never accomplished and Mr. Scarborough’s unfortunate death foreclosed further efforts in that direction.
We conclude therefore that plaintiff having failed to show that there was a complete, binding agreement between him and ■the defendants’ deceased husband and father, the judgment appealed from correctly rejected his demand and for the reasons rstated it stands affirmed.
FOURNET, C. J., absent.