GLADNEY, Judge.
Plaintiff’s suit is for the collection of an unpaid balance due from the sale of furniture, evidenced by a chattel mortgage note, and is defended on the ground that plaintiff agreed the defendant would be discharged from his debt should the furniture be destroyed by fire. Following a trial on the issue so presented, judgment was rendered in favor of plaintiff and defendant has appealed.
On September 12, 1953, the plaintiff, P. B. Gremillion, sold to the defendant, Edison Dubea, certain articles of furniture and retained a chattel mortgage evidencing a debt of $426.88. The account became delinquent and suit was filed on February 11, 1955. Plaintiff made payments totaling $100 before the furniture was lost in a fire which destroyed defendant’s house. The subject furniture and other belongings of the defendant were insured for $4,000 which was collected by Dubea.
Gremillion testified it was his policy to advise each customer buying furniture from him that, in the event of its loss by fire, the customer would be given a receipt for the account marked “paid in full”. .He stated also he had so receipted for losses which occurred even after the account became delinquent. When asked why he paid after that time, he stated: “Because the home burned and I just gave them a receipt ‘paid in full.’ That was the promise between the customer and I.” ' There seems to be no doubt this understanding existed between Gremillion and Dubea at the time the furniture was sold.
Edward Saucier, formerly a salesman for Gremillion, testified that on some occasions insurance was taken out but he could not say whether or not such insurance was for a period beyond twelve months. Reference to a copy of the chattel mortgage executed by Dubea lists an item of $38.92 for “insurance, recording and finance charges”, which sum was included in the note. Gremillion testified that this amount did not include any sum for insurance and further denied he assumed any obligation, to carry insurance.
Remission, or surrender of the debt, is one of the means provided in our Civil Code for extinguishment of an obligation and, when made by a creditor or person empowered to alienate, the release or remission of the debt is presumed always to have been accepted by the debtor, and it cannot be revoked by the creditor. LSA-C.C. arts. 2199 and 2201. Unquestionably, the promise so made by Gremillion meant Dubea would be discharged if fire should *240 destroy the furniture, the sale of which created the obligation. The covenant was supported by consideration, in conventional form, and not limited as to duration. It expired only, therefore, when the object of the sale was destroyed.
Appellant’s answer avers plaintiff obligated himself to insure the furniture and included in the account charges for that purpose. The averment is not established by the evidence.
For the foregoing reasons the judgment from which appealed is reversed and set aside, and judgment is rendered in favor of the defendant, rejecting the demands of plaintiff at his cost.