285 So.2d 289 (1973)
D. L. LYTLE, Sr., Plaintiff-Appellant,
v.
COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant-Appellee.
No. 4281.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
*290 John E. Adkins, Jr., New Orleans, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Lawrence L. Lewis, III, Lafayette, for defendant-appellee, Liberty Mutual.
J. Minos Simon, Lafayette, for intervenor-appellee.
Champagne & Colomb, by Patrick L. Colomb, Lafayette, for defendant-appellee, Home Indemnity.
P. A. Bienvenu, New Orleans, Pugh & Boudreaux, by Charles J. Boudreaux, Lafayette, Bailey & Hollier, by W. C. Hollier, Lafayette, for defendant-appellee.
Before FRUGE, SAVOY, and DOMENGEAUX, JJ.
FRUGE, Judge.
This suit was consolidated for the purposes of trial and appeal with D. L. Lytle, Sr. v. Liberty Mutual Insurance Company, et al., 285 So.2d 282 (La.App. 3rd Cir., 1973), also decided this date. This opinion is equally applicable to each suit as the law and relevant facts are common.
On December 7, 1965, a residence owned by Donald L. Lytle, Sr., in the City of Lafayette, was damaged by an explosion and fire. Lytle filed suit against Commercial Insurance Company of Newark, New Jersey, on December 5, 1966, alleging that the property was insured against the hazard of the fire by the defendant. Plaintiff alleged he was entitled to penalties and attorney's fees under Louisiana R.S. 22:658, as the defendant arbitrarily and capriciously refused to pay the claim despite repeated amicable demand.
Plaintiff filed suit No. 4282 on the same day against Liberty Mutual Insurance Company, Southern Bell Telephone and Telegraph Company, Gulf Coast Line Contracting Company, Rex Angelle, Central Louisiana Electric Company, Home Indemnity Company of New York, and Smith-Foreman Pipeline Contracting Company. It is the contention of plaintiff in this suit that the activities of the defendants caused the explosion and fire which damaged the residence owned by plaintiff on December 7, 1965. These allegations were denied by the defendants.
Commercial Insurance Company filed a third-party demand against the defendants in suit No. 4282 alleging that if indeed it was liable to plaintiff, it was entitled to indemnification from said third-party defendants.
Suit No. 4282 was fixed for trial on November 12, 1968. Prior to the date of the trial, counsel for Mr. Lytle withdrew, and Mr. J. Minos Simon was substituted as attorney for plaintiff in both cases. Simon filed in the record of each suit an employment contract between he and Mr. Lytle which was duly served upon counsel for all defendants. On November 12, 1968, the trial court requested a conference with the attorneys to explore the possibility of an amicable settlement. After discussion and negotiation between the attorneys and their clients, an apparent agreement was reached for the compromise of the plaintiff's claims against all the defendants in suit No. 4282 for the sum of $6,500.00 and against Commercial Insurance Company, No. 4281, regarding the claim for attorney's fees for $750.00 plus 2/3's of the costs. The attorneys then recessed in order to prepare a written agreement of compromise and drafts necessary to pay Mr. Lytle for his claims. Upon delivery of these documents to Lytle, he refused to sign or accept the drafts which were presented to him.
Defendant Commercial Insurance Company, on November 14, 1968, filed an answer together with a third-party demand against the defendants, in suit No. 4282. The answer alleged settlement was made *291 by plaintiff on November 12, 1968. On April 24, 1969, a motion to withdraw as counsel for plaintiff was filed by attorney Simon, which was granted.
On August 27, 1969, a joint motion to dismiss the suit of the plaintiff was filed by defendants in suit No. 4282 and defendant, Commercial Insurance Company, suit No. 4281, on the grounds that the claim of plaintiff had been settled by compromise. An intervention was then filed by Simon for his attorney's fees based on the contract filed in the record previously. Trial on the motion of the defendants and the intervention was held on December 5, 1969. At this time a stipulation was entered into between attorneys for defendants and intervenor, together with plaintiffs, then counsel. The stipulation recited that if J. Minos Simon were to testify, he would testify plaintiff after having been fully informed of the settlement agreement had accepted the same as outlined above, and that on presentation of the written releases to him that he then recanted and refused to sign. Plaintiff was allowed one week to introduce further evidence relative to the motion, at which time the case would be submitted to the court. No other evidence was introduced. Judgment was rendered on December 7, 1969, dismissing the plaintiff's demands against all of the defendants, as well as all third-party demands in the two suits, based on the compromise and settlement of November 12, 1968. The judgment recognized the claim of the intervenor, Simon, for attorney's fees on the contract in the sum of $2,416.66. The judgment also authorized the defendants to pay into the registry of the court the sum of $7,250.00, the amount of the alleged compromise and authorized the Clerk of Court to pay directly to intervenor Simon the amount of the judgment in his favor from any proceeds deposited in the registry of the court for the benefit of the plaintiff.
Plaintiff has appealed, alleging as errors, the signing of the judgment by the trial court, without a written contract of compromise and the recognition of the intervenor's claim for attorney's fees on the basis of a contingent fee contract. Defendants alleged they are entitled to specific performance of the settlement agreement. They also submit the actions of the plaintiff constituted a remission of the debt. Under these theories they maintain the signing of the judgment was proper.
The stipulation recites the parties entered into a settlement agreement, negotiated the day trial was scheduled. This is the uncontradicted evidence in the record. Defendants' motion to dismiss is grounded on the alleged compromise.
Compromise is a bilateral contract wherein the parties adjust their differences for the purpose of preventing or putting an end to a law suit in hopes of gaining something, balanced by the fear of losing. Louisiana Civil Code, Article 3071. The above facts comport with this definition. The trial court's opinion as reflected in the judgment, was the suits of plaintiff were settled by an out-of-court compromise. Identical judgments were rendered in each suit.
The defendants contend that they are entitled to specific performance of a contract of compromise. The uncontradicted evidence establishes plaintiff refused to sign a written compromise agreement. Louisiana Civil Code Article 3071 requires that contracts of compromise must be reduced to writing. The Supreme Court in Charbonnet v. Ochsner, 258 La. 507, 246 So.2d 844 (1971) held the "compromise agreement" was never completed, where the agreement was never reduced to writing as required by the Civil Code. This article makes no distinction between the compromise relative to immovables or otherwise. It simply states that all contracts of compromise must be reduced to writing.
In a suit for specific performance of an alleged compromise agreement to convey title to certain land, the Supreme Court held the writing relied upon (certain *292 letters) were not sufficient evidence of a complete agreement. The trial court's denial of specific performance was affirmed. Mackey v. Scarbough, 226 La. 106, 75 So. 2d 24 (1954). The First Circuit in Dunham Concrete Products, Inc. v. Donnell Construction Company, 268 So.2d 104 (La. App. 1st Cir., 1972) recognized that only a written acceptance of a contract compromise would render the agreement enforceable.
In order to enforce a contract of compromise, the agreement must be reduced to writing. An oral agreement is unenforceable in the face of Article 3071. The trial judge was powerless to dismiss the plaintiff's suits without a written contract of compromise.
Defendants submit the judgment may be affirmed on the ground plaintiff remitted the debt. The Supreme Court stated in the case of Hall v. Allen Mfg. Co., 133 La. 1079, 63 So.2d 591, 592:
"A `remission,' in the civil law, `is a release of a debt'; and `it is conventional when it is expressly granted to the debtor by a creditor having a capacity to alienate.' Bouvier."
Article 2199 of the Revised Civil Code provides as follows:
"The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor either having (creditor having) a capacity to alienate;
"Or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation."
Defendants claim plaintiff orally remitted the debt and he was unable to revoke this remission. Louisiana C.C. Art. 2203. In Franicevich v. Dumas, 150 So.2d 116 (La. App. 4th Cir., 1963), it is succinctly stated:
"While remission need not be in writing and need not be in any particular form (LSA-Civil Code Art. 2199; Haley v. Badon, La.App., 98 So.2d 109; Noto v. Blasco, La.App., 198 So. 429; Mouton v. Noble, 1 La.Ann. 192; see also Gremillion v. Dubea, La.App., 108 So.2d 238), the burden of proof is on the defendant. Gulf States Finance Corp. v. Moses, La. App., 56 So.2d 221; Thibodeaux v. W. Horace Williams Co., La.App., 14 So.2d 320. And the proof must be, at least, by a preponderance of the evidence. Doucet v. Dugas, La.App., 165 So. 754."
The defendants have failed to present evidence establishing a remission, expressed or implied, the burden of proof has not been carried.
We next consider the intervention filed by J. Minos Simon in this matter. As intervenor, the attorney alleges that he is entitled to be paid the full 1/3 contingency fee provided by the contract of employment filed in these proceedings. Intervenor alleges that due to his diligent efforts a compromise agreement was negotiated and explained fully to the client who then accepted it. Subsequently, plaintiff recanted and refused to sign the written compromise. Plaintiff failed to offer evidence at the December 5, 1969, hearing to contradict the stipulation, even though he was represented by counsel and was given additional time to do so.
We find the case is substantially similar to the facts of Doucet v. Standard Supply Company, 250 So.2d 549 (La.App. 3rd Cir., 1971). In this case, an employment contract had also been signed by the plaintiff. The attorney had negotiated a substantial settlement which was rejected by the client after he had originally accepted. There was no attempt, however, to enforce the compromise. This court held that where an attorney has fulfilled his obligation under the contract of employment, the attorney is entitled to the full fee stipulated in the contract.
*293 The decision rests upon Louisiana Civil Code Article 3022 which provides:
"The principal ought to reimburse the expenses and charges which the agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated.
"If there be no fault imputable to the agent, the principal can not dispense with this reimbursement and payment, even if the affair has not succeeded; nor can he reduce the amount of reimbursement, under pretense that the charges and expenses ought to have been less."
It is equally applicable herein. The attorney negotiated a compromise in the sum of $7,250.00. The petition alleged damage of approximately $9,000.00. This would appear to be an excellent compromise. The attorney was not shown to have been at fault or to have acted unreasonably. The evidence merely shows the client refused to sign after he accepted. This was not the attorney's fault. Simon is entitled to the fee provided in the contract of one-third. This fee is to be computed on the full settlement of $7,250.00 as the contract provides for an attorney fee of "one-third of recovery".
For the above and foregoing reasons, the judgment dismissing the suit of D. L. Lytle, Sr. against Commercial Insurance Company is reversed, and the case is remanded to the District Court for a trial on the merits.
It is further ordered that, that part of the judgment dismissing the demands of third-party plaintiffs against third-party defendants is reversed, and the suits are remanded to the District Court for trial on the merits.
It is further ordered that, that part of the judgment in favor of intervenor, J. Minos Simon, and against D. L. Lytle, Sr., in the sum of $2,416.66, together with legal interest and recognizing the privilege of J. Minos Simon as to any proceeds due and owing D. L. Lytle in this suit is hereby affirmed.
It is further ordered that all sums deposited in the registry of the District Court shall be retained by the court until judgment on the merits is rendered or a written compromise is effected. The sum of $7,250.00 shall bear no legal interest. In the event judgment in excess of this amount is rendered, only that portion in excess shall bear legal interest.
Defendants-appellees are assessed costs of this appeal.
Reversed in part; affirmed in part; and remanded.