335 So.2d 494 (1976)
Succession of Jack A. MARTIN, Sr.
No. 12858.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
On Rehearing July 7, 1976.
Writ Refused October 1, 1976.
*495 Eatman & Hunter by Robert E. Eatman, Shreveport, for opponent-appellant.
Hamilton & Sermons by Joel M. Sermons, Shreveport, for plaintiff-appellee, Iris Matthews Martin.
Jack & Jack by Wellborn Jack, Jr., Shreveport, for opponent-appellee, Jack Martin, Jr.
Before BOLIN, HALL and MARVIN, JJ.
MARVIN, Judge.
Virginia Martin Nunn, opponent-appellant, appeals from a judgment of the district *496 court sustaining in part and overruling in part her opposition to the tableau of distribution filed by Iris Matthews Martin, testamentary executrix of the Succession of Jack A. Martin, Sr. On appeal opponent contests the authorization by the district court of payment by the executrix of a $1,000 debt to Mrs. Laverne M. Smith, sister of the executrix, for a loan made to the decedent, and payment of $5,389.26 to Ralph M. Martin, son of the decedent, for services rendered and expenses incurred on behalf of the decedent. Appellant also contests the assessment of costs to her.
Jack A. Martin, Sr. died July 13, 1973. He was survived by his wife, Iris Matthews Martin, and two children born of his marriage to Mrs. Martin, Namely Jack A. Martin, Jr. and Ralph M. Martin. The decedent was also survived by Virginia Martin Nunn, a daughter born of a prior marriage. He left a last will and testament by which he (1) left the usufruct of his entire estate to his wife, Iris Matthews Martin; (2) bequeathed his interest in the family home to his wife; (3) bequeathed to his daughter, Virginia Martin Nunn, her forced portion of his estate; (4) bequeathed to his sons, Jack A. Martin, Jr. and Ralph M. Martin, the remainder of his estate, subject to their mother's usufruct; (5) appointed his wife, Iris Matthews Martin, as executrix of the estate; and (6) requested that his daughter renounce the bequest to her in favor of the two sons on the belief that she would be well provided for by her husband.
A petition to probate the will was filed on October 4, 1973 and Mrs. Martin was confirmed as testamentary executrix. In due course, on February 12, 1974, the executrix filed a sworn detailed descriptive list of succession assets and liabilities. Among the debts listed were (1) $2,500 owed on a first mortgage note to Laverne M. Smith; and (2) $5,691.14 owed to Ralph M. Martin for renovation, remodeling and repair of several houses owned by the decedent.
On June 6, 1975, the executrix filed a petition for authority to pay debts and charges in the course of administration. Among the debts listed were (1) $1,000 due Laverne M. Smith on a first mortgage note; and (2) $5,691.14 due Ralph M. Martin for expenses and salary incurred in preservation of rental properties.
Oppositions to the proposed payment of debts and charges were filed by appellant, Virginia Martin Nunn, and by Jack A. Martin, Jr., contesting several of the items shown on the tableau of distribution filed by the executrix. After trial, pursuant to oral reasons transcribed in the record, the district court rendered judgment sustaining in part and overruling in part the oppositions to the proposed tableau of distribution. The oppositions were overruled as to the two specific items mentioned above and payment thereof was authorized. Virginia Martin Nunn appealed. Jack A. Martin, Jr. did not appeal.
In regard to the debt allegedly owed to Mrs. Smith, the trial court found that the debt was extinguished by voluntary remission prior to decedent's death but remained a moral obligation and was reestablished when listed and acknowledged by the executrix in the proposed tableau of distribution. Appellant contends that the trial judge erred in finding that the debt was unpaid and merely extinguished by remission and further in holding that the executrix had authority to reestablish and pay an extinguished obligation.
In regard to the claim by Ralph M. Martin for services rendered and expenses incurred on behalf of the decedent, the trial court held the burden of proof is on the opponent to disprove a claim listed by the succession representative, which the opponent failed to do in this case. Appellant contends on appeal that the trial court erred in placing the burden of proof on the opponent, in holding the claimant had established his claim, in considering parol evidence in support of the claim, and in holding *497 the debt was established without the testimony of a credible witness other than the claimant.
Burden of Proof
LSA-C.C.P. Art. 3244 provides:
"The inclusion of the claim of a creditor of the succession in the succession representative's petition for authority to pay debts or in his tableau of distribution creates a prima facie presumption of the validity of the claim; and the burden of proving the invalidity thereof shall be upon the person opposing it."
This Article of the Code of Civil Procedure is directly applicable to the situation in this litigation. The two claims in dispute were included in the executrix's petition for authority to pay debts. The claims are prima facie presumed to be valid and the burden of proving the invalidity of the claims was on opponent-appellant.
Debt Allegedly Due Laverne M. Smith The evidence discloses that in 1966 decedent and his wife executed a note for $2,500, payable to any future holder, secured by a mortgage on certain real estate. Duplicate payment books in the possession of Jack A. Martin, Jr. were filed into evidence at the trial. The payment books show that at the time the note and mortgage were executed Mrs. Smith loaned decedent and his wife $2,500. The payment books reflect regular monthly payments thereafter and also additional loans from time to time. The books reflect a payment on principal of $4,000 on March 19, 1971, leaving a balance due of $982.35. The last entry in the books is dated May 24, 1971, and reads "paid in full" and is signed by "Laverne Smith." Jack A. Martin, Jr. testified both payment books were delivered to him by his father.
Mrs. Smith testified the balance was not actually paid but she marked the books paid in full because of the Martins' sickness and financial condition. She said she wanted to relieve them of worry and the agreement was that they would not make any more payments until they were able to do so.
The trial court believed Mrs. Smith's testimony that the balance was not actually paid, but held there was a voluntary remission of the debt under LSA-C.C. Art. 2199. Voluntary remission is one of the methods by which obligations are extinguished. LSA-C.C. Art. 2130. The trial court held that the debt became a natural obligation, as defined by LSA-C.C. Arts. 1757 and 1758, and recognition of the debt by the executrix re-established the obligation in accordance with LSA-C.C. Art. 1759. Article 1759 provides that a natural obligation is a sufficient consideration for a new contract. Testimony of the several witnesses below showed that Mrs. Smith often advanced sizeable sums to the Martin family, including Mr. and Mrs. Martin, to whom she was related.
Under Art. 3198(2) La.C.C.P., a succession representative may "renew, or in any manner modify the terms of any obligation owed by" the succession, with court approval after notice. Because of the result reached below as to Mrs. Smith's claim, it is apparent that the lower court would have authorized, over the opposition of appellant, payment by the executrix of the Smith claim as a natural obligation. We have no dispute with the trial court's evaluation of the testimony below or assessment of credibility to the witnesses. We do not agree with the lower court's conclusion that there was a voluntary remission under the facts as found by the trial court.
While the remission of a debt cannot be revoked by the creditor, La.C.C. Art. 2201, remission is never presumed unless it clearly appears that the creditor intended to do so. The burden of proving remission, whether express or tacit, is on those claiming remission. See Payton v. Jones, 38 So.2d 631 (La.App.orl.1949); Doucet v. Dugas, 165 So. 754 (La.App. 1st Cir. 1936). Even the delivery to the debtor *498 of the act by which the obligation is created, does not of itself form a presumption of the release or remission of the debt. See Art. 2202, La.C.C. and Doucet, supra. Mrs. Martin, surviving widow and executrix, listed the debt to Mrs. Smith on the Tableaux. She otherwise supported and corroborated Mrs. Smith and we find that appellant has not met the burden of proving that the debt owed to Mrs. Smith was extinguished either by payment or by remission, express or tacit. The result below in this instance authorizing payment, was correct and appellant's opposition was properly rejected.
Our conclusion that the debt was not gratuitously remitted by Mrs. Smith makes it unnecessary to consider whether the executrix should have sought and gained court approval to honor a natural obligation under La.C.C.P. Arts. 3198 and 3229.
Debt Allegedly Due Ralph M. Martin
As previously noted, LSA-C.C.P. Art. 3244 provides that the inclusion of the claim of a creditor in the succession representative's petition for authority to pay debts creates a prima facie presumption of the validity of the claim and the burden of proving the invalidity thereof shall be on the person opposing it. The claim of Ralph M. Martin for services rendered to and expenses incurred on behalf of the decedent and his wife in the amount of $5,389.26 is presumed to be valid and the burden of proving the invalidity rested upon the opponent, Mrs. Nunn. Neither Mrs. Nunn nor the other opponent at the trial offered any evidence whatsoever to substantiate their opposition to the validity of this claim. Their testimony was that they did not have any particular reason for opposition other than they felt the claim was unsupported.
The mere filing of an opposition to the payment of a debt included in the succession representative's petition for authority to pay debts does not rebut the presumption of validity nor meet the burden of proving invalidity thereof. The trial court correctly held that opponent did not bear her burden of proof and overruled her opposition to payment of this debt.
Appellant contends Ralph M. Martin's testimony in support of the claim should not have been accepted or considered by the trial court because it was not supported by the testimony of another credible witness and other corroborating circumstances as required by the Dead Man's Statute, LSA-R.S. 13:3721 and 3722.
Since there is a presumption of validity of a claim included by the succession representative in the petition for authority to pay debts, and since the opponent offered no evidence to rebut the presumption or to sustain her burden of proving the invalidity of the claim, it was not necessary for the claimant to go forward with supporting proof under the standards of the Dead Man's Statute. The statute may be applicable where the presumption of validity is rebutted by an opponent, but such is not the situation in this case.
Appellant also contends that the claim of Ralph M. Martin is not valid because his agreement with the decedent was entered into after the decedent was interdicted. The evidence is that Ralph M. Martin undertook the duties for which he seeks payment prior to the interdiction of his father. The subsequent interdiction of his father does not bar his recovery for services rendered and expenses incurred.
Costs
Appellant complains that the cost of these proceedings should be taxed against the executrix. The trial court has discretion in the taxing of costs and we find no abuse of that discretion in taxing the costs in the trial court against the opponent-appellant.
At appellant's cost, judgment is
AFFIRMED.
HALL, J., dissents in part, with written reasons.
*499 HALL, Judge (dissenting in part).
I respectfully dissent from that part of the majority opinion affirming the trial court's judgment overruling the opposition to payment of the debt allegedly due Laverne M. Smith. In my opinion, the opponent met the burden of proving the balance of the debt due Mrs. Smith was extinguished by either payment or remission.
Records of advances made by Mrs. Smith and payments made by the Martins were carefully kept and entered in the two payment books. One of the books was for Mrs. Smith's records and one was for the Martins. In March, 1971, a $4,000 payment was made and entered in the books, leaving a balance of $982.35. In May, 1971, entries were made in both books showing "paid in full" and signed by Mrs. Smith. No further entries were made. Mr. Martin, the decedent, had possession of both books and delivered them to his son, Jack A. Martin, Jr. The son and Mrs. Numm both testified their father told them the debt was paid.
Without in any way questioning the credibility of Mrs. Smith's testimony as to her motives and intentions in marking the books "paid in full", that testimony is not sufficient to negate the affirmative, written statement by Mrs. Smith in her own handwriting that the balance was "paid in full."
The trial court held there was a voluntary remission and the debt was reestablished by the executrix's recognition of the debt when she listed it on the petition for authority to pay debts. Assuming arguendo that there was a voluntary remission in this instance and that the debt became a natural obligation, the listing of the debt in the executrix's petition for authority to pay debts cannot be considered as the making of a new contract. A succession representative has no authority to pay a natural obligation which cannot be enforced by action and has no authority to enter into a new contract for the payment thereof.
Certainly a succession representative cannot enter into a new contract under any circumstances without obtaining court approval in the manner provided by the Code of Civil Procedure, which was not done here. It is doubtful that sound discretion would ever allow the court to approve the creation of a new obligation by a succession representative, based on a preexisting natural obligation which is unenforceable.
The opposition to payment of the claim of Mrs. Smith should be sustained.
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ., En Banc.

ON REHEARING
BOLIN, Judge.
Rehearing was granted limited to reconsideration of the alleged debt due Laverne M. Smith, sister of the executrix, Iris Matthews Martin.
We now find that portion of our original opinion stating the succession was indebted to Laverne M. Smith was erroneous. We conclude the dissenting opinion was correct and for the reasons stated therein the claim is rejected.
Accordingly, that portion of the district court judgment overruling the opposition to the proposed payment of $1,000 to Laverne M. Smith is reversed and the opposition is now sustained. In all other respects the judgment is affirmed.
Cost of this appeal is assessed against Iris Matthews Martin, Executrix.
MARVIN, J., dissents with written reasons.
MARVIN, Judge (dissenting).
Mrs. Laverne Smith is the sister to Mrs. Martin, the widow of the decedent. The record abundantly shows that Mrs. Smith served as the patron of the Martin family in business matters and was very close to the family. *500 Before and since 1966, Mrs. Smith was advancing funds to Mr. and Mrs. Martin for various purposes. In that year, Mr. and Mrs. Martin executed a $2,500 mortgage and mortgage note to Mrs. Smith, payable to future holder. The existence of the note is not disputed. The mortgage itself, by a certified copy, is in the record. The mortgage and note were given by Mr. and Mrs. Martin to Mrs. Smith to represent and secure loans as well as future advances.
After the 1966 mortgage was executed, Mrs. Smith loaned other sums to the Martins. On March 19, 1971, the Martins paid Mrs. Smith $4,000, leaving a principal balance of $982.35, which is the amount in dispute here referred to in the testimony and by the trial judge sometimes as the mortgage indebtedness. This balance is reflected in the payment books mentioned, on which Mrs. Smith wrote "paid in full" on May 24, 1971. Mrs. Smith testified she wrote this because she wanted to relieve Mr. and Mrs. Martin of the worry over making payments during the illness of the decedent and that the agreement was the Martins would not make further payments until they were able to do so. Mrs. Martin, the executrix, listed the debt to Mrs. Smith in the tableau. It is Mrs. Martin's lawyer who is attempting to uphold payment of the debt. The mortgage is yet in existence and the daughter of Mrs. Martin, who attacks the debt and appeals here, has not shown the mortgage note was marked paid or cancelled from the mortgage records. A son of Mrs. Martin, who also attacked the debt below did not appeal.
The trial court said:
"As to the $1,000.00 mortgage obligation. . . However, we do not think the debt was repaid and we accept Mrs. Smith's version of what Happened. (Emphasis Supplied)
The record fully supports the trial court's factual conclusions.
Legally then, the question is the intent of Mrs. Smith to remit. The answer is obvious because remission is never presumed and is not to be declared unless it clearly appears that the creditor intended the remission. Mrs. Martin, who signed the note and mortgage, obviously agrees with Mrs. Smith's version. The burden of proving remission is on those who claim benefit of it. Even the delivery to the debtor of the act by which the obligation is created does not of itself give rise to the presumption that remission was intended. See authorities cited in original opinion.
The majority now states the dissenting opinion was correct. The dissent does not mention the mortgage or mortgage note. The dissent says it does not in any way question Mrs. Smith's credibility. The dissent only assumes arguendo there was a voluntary remission. The dissent is couched in terms of burden of proof on the creditor rather than on the debtor. No authority is given.
As I view the Civil Code, the thing mortgaged (here real estate) is security for the debt and it is also bound for payment of the debt. The creditor may elect to foreclose against the property and not to pursue the debtor personally to satisfy the debt. LSA-C.C. Art. 3278, Schexnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920). Mrs. Smith could then in a legally permissible manner, elect not to personally pursue Mr. and Mrs. Martin during a family crisis, but at the same time elect to eventually look to either of them or to the property for satisfaction of the debt after the family crisis had abated.
I respectfully dissent.