GUIDRY, Judge.
Plaintiff, Wayburn Dwayne Slater, filed a divorce action against defendant, Bobbie Sue Mack Slater, alleging that the parties have lived separate and apart for one year in accordance with the provisions of LSA-R.S. 9:301. In the alternative, plaintiff sought a judgment of separation from bed and board contending that the defendant was guilty of mental cruelty towards him. Defendant filed exceptions of lack of subject matter jurisdiction, no cause/right of action, and res judicata.[1] The trial court *1198 overruled all of the defendant’s exceptions. After a hearing on the merits, the trial court concluded that the parties had not lived separate and apart for the requisite period within the intendment of LSA-R.S. 9:301 and denied plaintiff’s demand for a divorce. Moreover, the district court concluded that plaintiff failed to establish by a preponderance of the evidence that the defendant was guilty of mental cruelty towards him and dismissed his demand for a judgment of separation from bed and board.
Plaintiff appeals only from the judgment of the trial court denying his demand for a separation from bed and board. Defendant answered the appeal praying for affirmation of the trial court’s judgment denying plaintiff’s demands, and additionally, seeking reversal of the trial court’s decision overruling defendant’s exceptions of no cause/right of action and res judicata. Additionally, defendant prays for attorney’s fees and assessment by this court of all costs of the proceedings at trial and on appeal to plaintiff. Alternatively, defendant contends in event of reversal that this matter be remanded to the trial court for a new trial due to the failure of the trial court to grant defendant’s motion for a continuance of the instant matter.
The following issues are presented on appeal:
(1) Did the trial court err in denying plaintiff’s demand for a judgment of separation from bed and board?
(2) Is a judgment of “separate maintenance” decreed by a Mississippi Chancery Court, the same or substantially similar to a Louisiana judgment of separation from bed and board, such as to render all issues therein litigated res judicata, and meriting full faith and credit by the Louisiana courts?
(3) Is the defendant entitled to attorney's fees?
(4) Did the trial court err in denying defendant’s motion for a continuance of the district court proceedings?
At the outset, we observe that defense counsel moved for a continuance prior to trial of the instant matter on the ground that the defendant was ill and unable to be present in court. The trial court denied defendant’s motion and proceeded to a trial on the merits. Defense counsel failed to call any witnesses in defendant’s behalf during the course of the hearing, thus, the record consists only of the testimony of plaintiff and his witnesses.
The record reflects that plaintiff and defendant were married on May 1, 1973 in Biloxi, Mississippi. No children were born of this union. Plaintiff is a member of the United States Air Force and is stationed in Biloxi, Mississippi, where he resided with defendant on the military base located there. On or about May 22, 1979, plaintiff departed the matrimonial domicile in Biloxi to begin a tour of duty in Korea. Following his return from Korea on May 3, 1980, plaintiff resided with defendant at the parties’ matrimonial domicile until May 7,1980. On May 7, 1980, plaintiff decided to leave the matrimonial domicile and return to Bunkie, Louisiana, his legal domicile. Mr. Slater stated that he did not inform defendant of his desire to live separate and apart from her prior to leaving. Plaintiff testified that when he left the matrimonial domicile, his wife began yelling at him, using vile language and calling him names, and threatened to have her son (by a previous marriage) kill him- if he attempted to return to the matrimonial domicile. The record reflects that the parties have lived separate and apart since May 7, 1980. Plaintiff filed the instant suit on May 20, 1980.
On August 8, 1980, a bill for separate maintenance filed by complainant, Bobbie Sue Mack Slater, against defendant, Way-burn Dwayne Slater, was tried by the Chancery Court of Harrison County, Mississippi. That court decreed that Bobbie Sue Mack Slater was entitled to separate maintenance and awarded her the sum of $275.00 per month to be paid by the defendant, Wayburn D. Slater.
*1199 Because we conclude, as did the trial court, that on its merits, plaintiff’s suit should be dismissed, we do not consider correctness of the trial court’s rulings pertaining to defendant’s several exceptions or her motion for a continuance.
Plaintiff testified that he and his wife had not “gotten along” for a long time. In this regard, Mr. Slater stated that their marital relationship was characterized by a substantial amount of underlying tension. Moreover, plaintiff indicated that there existed a severe lack of communication between he and his wife. Mr. Slater testified that defendant was not a “dutiful wife”. In this regard, he stated that Mrs. Slater did not wash his clothes, cook his meals, or maintain the house. Further, Mrs. Slater allegedly refused to associate with plaintiff’s family and friends. In addition, plaintiff complained that the defendant refused to support him in his educational pursuits. Mr. Slater testified that the defendant attempted to live beyond their means. Finally, plaintiff alluded in his testimony to an alleged drug problem on the part of his spouse. However, in this connection, the record indicates that Mrs. Slater suffers from a painful degenerative bone disease and that she regularly takes medication prescribed by her attending physician to relieve pain.
In addition to plaintiff’s testimony, two other witnesses were called, specifically, plaintiff’s mother, Mrs. Dorothy Blanchard, and plaintiff’s half-sister, Mrs. Charlotte Cox. Both witnesses admitted at trial that they seldom visited the parties during the eight years of their marriage, however, both substantially supported the plaintiff’s testimony. In this regard, both of the aforesaid witnesses indicated that plaintiff was completely without fault and had made every effort to make the marriage a success.
Plaintiff contends that the trial court erred in denying his demand for a judgment of separation from bed and board. In this regard, plaintiff avers that the record is replete with uncontroverted evidence of mental cruelty inflicted upon him by the defendant.
The basis for plaintiff’s demand for a separation from bed and board is contained in LSA-C.C. Article 138 which provides in pertinent part:
“Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable.”
The trial judge in his written reasons for judgment observes that the key factor in obtaining a separation judgment for cruel treatment by one’s spouse is that such treatment be of such a nature as to render the spouses living together insupportable. After evaluating the evidence and testimony adduced at trial, the district court concluded that those acts allegedly perpetrated by the defendant and which plaintiff contends constitute mental cruelty within the intendment of LSA-C.C. Art. 138, are not of such a nature, when taken as a whole, as to render the parties living together insupportable.
Plaintiff’s most serious allegation of mental cruelty purportedly perpetrated by defendant concerns Mrs. Slater’s death threat made to plaintiff as he departed the matrimonial domicile on May 7, 1980. We opine that such threat must be evaluated within the context of the moment in which such threat was made. The record reveals that the plaintiff was leaving the defendant without explanation and that such action by plaintiff resulted in Mrs. Slater hurling verbal abuse at plaintiff including the aforesaid threat. Plaintiff indicated at trial that he considered the defendant’s statement to be merely an idle threat.
Our review of the record reveals that the parties were not able to communicate with one another in an open and honest manner. Thus, their marital relationship was gener *1200 ally incompatible. As stated in Loyd v. Loyd, 336 So.2d 912 (La.App. 2d Cir. 1976):
“Under existing Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging, and griping by one spouse directed to the other can constitute cruel treatment, but mutual incompatibility, fussing, and bickering cannot.”
We are unable to discern clear error on the part of the trial court in its conclusion that such marital discord as is reflected by this record is insufficient to constitute grounds for a separation from bed and board based upon mental cruelty.
Defendant, in her answer, prays for an award of attorney’s fees. It appears to be well settled that attorney’s fees incurred by the wife in prosecuting a suit during the existence of the community of acquets and gains for separation from bed and board or divorce are an obligation of the community, whether she is successful in the proceeding or not, the obligation being a community debt. See Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953), rehearing denied; Robichaux v. Dibartolo, 224 So.2d 528 (La.App. 3rd Cir. 1969); Donica v. Donica, 347 So.2d 1259 (La.App. 1st Cir. 1977). Similarly, attorney’s fees incurred in defending a suit for separation from bed and board or divorce also constitute a community debt. We conclude that defendant is entitled to an award of. attorney’s fees payable from the assets of the community, and we consider the sum of $750.00 to be reasonable.
Defendant-appellee finally suggests that the trial court erred in assessing to her a portion of the costs of the trial court proceeding. We agree. Although under LSA-C.C.P. Art. 1920, the trial court has wide discretion in the assessment of costs, this discretion is not unbridled. As we stated in Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975), writ denied, 313 So.2d 239 (La.1975):
“... The broad authority granted to the trial judge under Code of Civil Procedure Article 1920 does not mean that there are no guidelines to govern the taxing of costs. Greenburg v. Fourroux, 300 So.2d 641 (La.App. 3rd Cir. 1974); Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir. 1967). In Greenburg the trial judge rendered judgment in favor of the plaintiff, but divided court costs between the plaintiff and defendant. This court reversed and found error on the part of the trial judge in assessing the winning party with part of the court costs....’’
In the instant case there appears to be no valid reason for the assessment to defendant-appellee of any of the costs of this proceeding. In any event, all costs incurred as a result of these proceedings are community debts payable out of community assets.
For the above and foregoing reasons, the judgment of the trial court is amended so as to award to defendant-appellee, Bobbie Sue Mack Slater, the sum of $750.00 as attorney’s fees to be paid out of the community of acquets and gains existing between the parties and to assess all costs of these proceedings at the trial level to plaintiff-appellant. In all other respects, the judgment of the trial court is affirmed. Appellant is cast with all costs of this appeal.
AFFIRMED AND AMENDED.
SWIFT, J., concurs in the result.

. Defendant argued at trial via her exceptions of no cause/right of action and res judicata that she obtained a judgment against plaintiff awarding her separate maintenance from a Mississippi Court and that such decree is the legal equivalent of a Louisiana judgment of separation from bed and board. Thus, Mrs. Slater contends that the doctrines of res judica-ta and full faith and credit preclude the plaintiff *1198 from maintaining a separation from bed and board suit in Louisiana.