416 So.2d 631 (1982)
William Glenn HONLEY, Plaintiff-Appellee,
v.
Sally Elkins HONLEY, Defendant-Appellant.
No. 14903.
Court of Appeal of Louisiana, Second Circuit.
June 15, 1982.
Booth, Lockard, Politz & LeSage by Nyle A. Politz, Shreveport, for defendant-appellant.
J. Stacey Freeman, Bossier City, for plaintiff-appellee.
Before HALL, JASPER E. JONES, and FRED W. JONES, Jr., JJ.
*632 HALL, Judge.
The trial court granted the plaintiff husband a divorce on the grounds that the parties had lived separate and apart for more than one year. The defendant wife's reconventional demand for permanent alimony was rejected on the basis that the parties were mutually at fault in causing the dissolution of the marriage and, consequently, the defendant failed to establish her freedom from fault thus precluding an award of permanent alimony. Defendant appeals from that part of the judgment rejecting her reconventional demand. We reverse and remand.
The parties were married in 1960 in Shreveport, Louisiana, and three children were born of the marriage, two of whom are still minors. The parties separated in October 1979 when defendant left home with the children after a violent argument in which plaintiff began yelling and cursing at her, shoved her across a kitchen cabinet and threatened to break her arms.
The evidence discloses that plaintiff had a very bad temper and frequently started arguments and cursed defendant and the children. Defendant often responded by arguing and cursing the plaintiff. The evidence also discloses that on some occasions, it was defendant who started the arguments. As the trial judge found, the couple had a stormy relationship and their continuous arguing and bickering over a long period of time revealed their incompatibility.
LSA-C.C. Art. 160 requires freedom from fault on the part of the claimant spouse as a prerequisite to an award of alimony after divorce. The word "fault" as used in that article "contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities." Pearce v. Pearce, 348 So.2d 75 (La.1977). A spouse should not be deprived of alimony after divorce simply because he or she was not totally blameless in the marital discord. Pearce, supra, and cases cited therein. Further, the court in Adams v. Adams, 389 So.2d 381 (La.1980), concluded that "fault" for purposes of permanent alimony preclusion is only such conduct on the part of one spouse which would entitle the other spouse to a separation or divorce under LSA-C.C. Arts. 138 and 139.
The evidence in this case establishes that, for the most part, defendant's actions were a response to the actions of plaintiff. In Vail v. Vail, 390 So.2d 978 (La.App.2d Cir. 1980), this court held that a justifiable, reasonable response by one spouse to the other spouse's initial fault which renders further marital relations insupportable does not constitute fault within the meaning of LSA-C.C. Art. 160 precluding an award of permanent alimony. See also Oliver v. Oliver, 393 So.2d 192 (La.App. 1st Cir. 1980).
Furthermore, while the trial court was correct in finding that the parties were incompatible and had fought and argued continuously over a long period of time, it was clearly wrong in finding that defendant's conduct was of such a nature that, taken alone, it would have warranted a separation in favor of the plaintiff. "Under existing Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed to the other can constitute cruel treatment, but mutual incompatibility, fussing and bickering cannot." Loyd v. Loyd, 336 So.2d 912 (La.App.2d Cir. 1976). Defendant's conduct, therefore, would not independently constitute grounds for a separation under LSA-C.C. Art. 138 and, consequently, does not constitute fault within the meaning of LSA-C.C. Art. 160. The defendant adequately established her freedom from fault in causing the dissolution of the marriage and, accordingly, she is entitled to an award of permanent alimony.
There being insufficient evidence in the record regarding the defendant's needs and the plaintiff's means, we must remand this matter to the trial court for determination of the amount of permanent alimony which should be awarded to the defendant.
For the reasons assigned the judgment of the district court rejecting defendant's reconventional demand for permanent alimony is reversed and set aside. This matter is *633 remanded to the district court for a determination of the amount of permanent alimony which should be awarded to the defendant.
Reversed and remanded.