429 So.2d 507 (1983)
SIMON, CORNE & BLOCK, Plaintiff-Appellee,
v.
Janice Smith DUKE and Justin P. Duke, Defendants-Appellants.
No. 82-495.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Rehearing Denied April 27, 1983.
Colleen McDaniel, Lafayette, for defendants-appellants.
Gregory Klein and J. Minos Simon, Gerald Block, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
GUIDRY, Judge.
The plaintiff, the law firm of Simon, Corne & Block, brought this suit to recover attorney's fees earned in their representation of the defendant, Janice Smith Duke, in her separation suit against Justin P. Duke. The trial judge awarded the plaintiff $10,000.00 plus $209.01 in expenses. The defendants appeal, alleging that (1) the amount awarded is excessive; and, (2) the trial court erred in denying defendants' motion for recusal.
Janice Smith Duke presented herself at the law offices of Simon, Corne & Block on October 13, 1980, seeking a separation from bed and board and a partition of the community existing between her and her husband, Justin Duke. On this initial visit, she conferred with J. Minos Simon, the senior partner of the firm, and Christine O'Brien, an associate in the firm. There was no agreement between Mrs. Duke and the law firm at this or any other time concerning a fixed fee or hourly rate to be charged for the services to be rendered. Following this consultation, Ms. O'Brien began work drafting a petition for separation accompanied *508 by thirty-one interrogatories, a temporary restraining order, and a rule to show cause on the issues of custody, alimony pendente lite, child support and injunctive relief. These pleadings were filed on October 23, 1980, and the rules were set for hearing on November 10, 1980. The hearing on the rules, attended by both Simon and O'Brien, was completed in one day.[1] The court issued a preliminary injunction prohibiting Mr. Duke from alienating community property, granted custody of the couple's minor child to Mrs. Duke, ordered the taking of an inventory, and ordered Mr. Duke to pay $2,900.00 per month in alimony pendente lite and $750.00 per month in child support.
On November 25, 1980, Mrs. Duke attempted to terminate the services of the law firm. After conferring with Simon, she agreed that the law firm should continue to represent her in the matter. Mrs. Duke eventually terminated the services of Simon, Corne & Block on December 5, 1980, informing Mr. Simon that she had reached a settlement with her husband.
The Dukes subsequently reconciled and notified the law firm that Mr. Duke would pay the firm's attorney's fees. Mr. Simon rendered his bill for services in the amount of $15,000.00 plus $209.01 in expenses. The Dukes refused to pay this amount, and this suit followed.
In their first assignment of error, the defendants assert that the amount awarded by the trial court is excessive.
A client has the right to discharge his attorney, with or without cause, at any time. The appointment of an attorney is a mandate revocable at the client's will. Simon v. Metoyer, 383 So.2d 1321 (La.App. 3rd Cir.1980); Fiasconaro & Fiasconaro v. Orlando, 342 So.2d 1261 (La.App. 4th Cir. 1977). At the time the attorney is discharged, he is entitled to compensation for services actually rendered on a quantum meruit basis. Simon v. Metoyer, supra. When seeking compensation on a quantum meruit basis, the attorney has the burden of proving the value of his services and the extent of his actual expenses. Chiasson v. Law Firm of Dragon & Kellner, 335 So.2d 87 (La.App. 3rd Cir.1976); Simon v. Metoyer, supra.
Several factors to be considered in determining the reasonableness of legal fees are found in DR 2-106 of the Code of Professional Responsibility. While this is an internal disciplinary rule governing the conduct of attorneys, the factors listed therein are relevant to our inquiry into the appropriateness of the fee awarded in the instant case. DR 2-106(B) provides:
"(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent."
For the reasons which follow, we conclude that the amount awarded by the trial court is clearly excessive and must be reduced to an amount commensurate with *509 the amount of time, effort, and skill expended in the representation of Mrs. Duke.
The length of time between the initial interview and the eventual discharge of the law firm covered between seven and eight weeks. The law firm did not record the number of hours spent on the case. However, the record clearly reflects that the majority of work done on the case was done by Ms. O'Brien. She drafted the original pleadings which were filed in the matter. She testified that she spent approximately four hours drafting the petition for separation and accompanying interrogatories. She stated that she spoke with Mrs. Duke concerning the litigation almost daily. Ms. O'Brien also spent time researching legal questions, meeting with the notary public appointed to inventory the community property, and locating and reviewing the charters of the three corporations with which Mr. Duke was closely involved. Mr. Simon's involvement in the case was to a great degree supervisory in nature. He reviewed all the pleadings and other work produced by O'Brien and discussed the development of the case with her. He and O'Brien attended the hearing on the rules concerning custody, alimony and child support. The hearing was completed in one day.
It is important to note that when the firm was discharged, the litigation between the Dukes was in its preliminary stages, and had not presented any novel legal questions requiring particular expertise. The services performed on behalf of Mrs. Duke prior to termination of the attorney-client arrangement are common to virtually all domestic litigation. While the case had the potential to create more difficult problems, including the partition of a large community containing stock in closely held corporations, these problems were never encountered. The record shows that the notary public appointed to inventory the community was still in the process of valuing community assets when the plaintiff was discharged.
The plaintiff contends that the experience, skill and reputation of Mr. Simon justify the fee awarded in this case. The Dukes concede, and we agree, that Mr. Simon's years of experience and reputation as a skillful attorney are matters to be considered in setting the fee in this case. However, as previously mentioned, prior to termination of the law firm's employment the litigation had not presented any particularly difficult or novel legal problems requiring great skill and expertise. Perhaps this is best corroborated by the record which reflects that, up to that point in time, Ms. O'Brien did the majority of the work on Mrs. Duke's behalf under the supervision and direction of Mr. Simon. Ms. O'Brien testified that she had been practicing law for one or two months when she began working on Mrs. Duke's case, and that the petition for separation was the first she had drafted. This is not to say the quality of her work was lacking. It was competent in all respects.
The plaintiff further contends that the amount involved in the case and the results obtained justify the fee. There was testimony in the record to the effect that the community existing between the Dukes had a value between five and six million dollars. We agree that obtaining a successful partition of such a large community would justify a large fee. However, that point was never reached in this litigation.
There was a considerable amount awarded in alimony and child support. The plaintiff asserts that the results obtained ($2,900.00 per month in alimony and $750.00 per month in child support), support the fee awarded in this case. The success of these awards must be measured in light of their actual benefit to Mrs. Duke. She testified that she experienced more financial difficulty after the awards than prior to the hearing. She explained that prior to the award, Mr. Duke paid the mortgage note on the family home (in which Mrs. Duke resided), the homeowner's insurance, utilities and all other expenses, including those resulting from numerous charge accounts, incurred by Mrs. Duke. In addition, he furnished Mrs. Duke with a Mercedes-Benz automobile including gas and insurance. *510 He also provided her with approximately $640.00 per month in cash. These benefits were all terminated following the award of alimony and child support. The minor on whose behalf child support was awarded was, at the time of the award, two months shy of attaining the age of majority. Thus, the child support was not a long term benefit.
The amounts awarded to Mrs. Duke were large. However, in light of the financial status of the Dukes and the actual benefit accruing to Mrs. Duke, the results obtained through the representation of the plaintiff were not extraordinary, and do not justify an extraordinary attorney's fee.
In light of the time, effort and skill expended on behalf of Mrs. Duke, we feel that the plaintiff has failed to carry the burden of proving its entitlement to a $10,000.00 attorney's fee, an amount we consider to be clearly excessive under the circumstances. The litigation had not advanced beyond its preliminary stages, and the actual services performed were to a great extent routine. None of the arguments presented on behalf of the plaintiff justify a fee in the amount set by the trial court. We have carefully reviewed the entire record, including the entire file maintained by the plaintiff in the Duke's domestic litigation, and we conclude that a fee of $5,000.00 will adequately compensate the plaintiff for its work on behalf of Mrs. Duke.
The defendants contend that the trial court erred in denying the motion to recuse the trial judge. This motion was heard by another judge of the district court. The defendants offered no grounds for recusal of the judge pursuant to LSA-C.C.P. Art. 151. Therefore, we find no error in the denial of the motion.
For the above and foregoing reasons, the judgment of the trial court is amended to award the plaintiff attorney's fees in the amount of $5,000.00. In all other respects, the judgment of the trial court is affirmed. Defendants-appellants are cast for all costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] The only issues actually litigated were those of alimony pendente lite and child support as prior to trial of the rules Mr. Duke answered the petition admitting Mrs. Duke's entitlement to custody of the minor child born of the marriage.