446 So.2d 493 (1984)
Walter G. LESTER, Jr.
v.
Elaine L. LESTER.
No. CA-0877.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Rehearing Denied March 21, 1984.
Robert C. Lowe, Terence L. Hauver, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for appellee.
Trudy H. Oppenheim, New Orleans, for appellant.
Before GARRISON, GULOTTA and LOBRANO, JJ.
LOBRANO, Judge.
Elaine L. Lester, appellant, prosecutes this appeal from the decision of the trial court granting a separation from bed and board on the basis of mutual fault. Mrs. Lester contends that she was not guilty of legal fault under La.Civil Code Article 160 and thus should not be precluded from collecting permanent alimony from her former husband, Walter G. Lester, appellee.
The jurisprudence is well settled that in a domestic relations case, an appellate court will not disturb the judgment of the trial court in the absence of manifest error.
"In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility.... The factual findings of the trial court are therefore to be accorded very substantial weight on review." Pearce v. Pearce, 348 So.2d 75 (La.1977); at 78.
After carefully reviewing the record we are unable to say that the trial judge abused his discretion in weighing the evidence and finding mutual fault on the part of the Lesters.
Mr. Lester alleged, and we believe proved, a consistent pattern of nagging harrassment by his wife concerning virtually every aspect of their lives. The essentials of his testimony are as follows:
"Couldn't stand the bickering, the tension that she was bringing, that constant aggravation, that constant telling me *494 that I didn't know what I was doing, that what I was doing was wrong. Anything that I suggested in our lives was wrong, whether it was raising the boy, whether it was handling the finances and the house, whether it was investments, whether it was friends, the associations I had, the business I conducted."
In addition, Mr. Lester testified his wife physically abused him and used foul and/or obscene language to revile him.
Mrs. Lester's reconventional demand is based on the following alleged faults of her husband: abandonment, mental cruelty and the refusal to have sexual relations. Since Mr. Lester did not appeal the finding of fault on his part, the only relevance of these issues is to determine whether they justified Mrs. Lester's behavior, thus absolving her from legal fault. In Honley v. Honley, 416 So.2d 631 (La.App. 2nd Cir. 1982) the Court held that "... a justifiable, reasonable response by one spouse to the other spouse's initial fault which renders further marital relations insupportable does not constitute fault within the meaning of L.S.A.-C.C. Art. 160 precluding an award of permanent alimony." Id. at 632.
We find that Mrs. Lester's actions do not fall under the justifiable response rule enunciated in Honley but rather were of a serious nature and were independent contributing and proximate causes of the separation. As such the requirements of La. Civil Code Article 141 were met, authorizing a separation in cases of mutual fault. Taddonio v. Taddonio, 428 So.2d 486 (La. App. 4th Cir.1983).
For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant to bear all costs of this appeal.
AFFIRMED.

ON REHEARING
PER CURIAM.
We deny the rehearing application of Mrs. Lester and in so doing feel compelled to respond to the "erroneous assumption" made by counsel in her application for same.
This Court did not consider the question of the "fault" of Mr. Lester, and therefore the statement made by counsel that Mrs. Lester's nagging, etc. justifies "... the husband to have an affair and withdraw from his wife" is completely erroneous. Mr. Lester was at fault, and was a proximate cause of the dissolution of the marriage. However, so were the actions of Mrs. Lester.