516 So.2d 219 (1987)
Walter G. LESTER
v.
Elaine L. LESTER.
No. CA-7145.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
*220 Lanny R. Zatzkis, Karen D. McCarthy, Lawrence E. Mack, Fawer, Hardy, Popham & Zatzkis, New Orleans, for defendant-appellant.
Trudy H. Oppenheim, New Orleans, for intervenors-appellants.
Before SCHOTT and LOBRANO, JJ., and CADE, J. Pro Tem.
HERBERT A. CADE, Judge Pro Tem.
Appeal and cross-appeal are taken from a judgment awarding fees to Trudy H. Oppenheim and the Oppenheim law firm for services rendered Mrs. Elaine Lester in separation proceedings. The Oppenheim firm was retained January 25, 1983, after Mrs. Lester discharged prior counsel. Mrs. Lester paid a $4,000.00 retainer and by written contract agreed to an hourly fee of $120.00. The firm represented Mrs. Lester through trial and on appeal. See Lester v. Lester, 446 So.2d 493 (La.App. 4th Cir. 1984). Prior to partition of the community the firm was discharged, and subsequently intervened in the action, seeking $5,000.00 in unpaid fees, legal interest, and attorneys fees under Civil Code Article 2000 and R.S. 9:2781.
Mrs. Lester did not answer the intervention and was not put in default. A hearing was held and evidence was taken by a Commissioner February 18, 1986. Oppenheim introduced itemized time records and copies of periodic statements, and testified she mailed the statements to Mrs. Lester. Mrs. Lester on the other hand testified that Oppenheim agreed to prosecute the appeal free of charge. She admitted receipt of only one statement, dated June 1983, showing a balance due of $431.56; she denied having received a number of subsequent statements and claimed she was unaware that fees were owed when she discharged the firm. The Commissioner recommended that fees be set at $4,500.00, above the fees *221 already paid. The trial court entered judgment in accordance with the Commissioner's recommendation, without assigning reasons.
The firm suggests that the trial court failed to enforce the contract and asks this court to do so. Mrs. Lester argues that the trial court erred in proceeding to judgment on the intervention because issue had not been joined. In the alternative, she contends that the trial court erred in basing the award on the contractual rate rather than in quantum meruit; that the fee is excessive; and that the fee should have been assessed to the community. Because the intervention was tried without objection we proceed to the merits. See Blake v. Blake, 478 So.2d 617 (La.App. 2nd Cir 1985). For the following reasons we vacate the judgment of the trial court and remand for further proceedings.
The circumstances of this case are such that quantum meruit analysis appears inappropriate. Simon v. Metoyer, 383 So.2d 1321 (La.App. 3rd Cir.), writ denied 389 So.2d 1338 (La.1980), upon which Mrs. Lester relies for the contrary proposition, involved an agreement to render legal services for a fixed fee. The attorney was discharged before the fee was earned. See 383 So.2d at 1322. Fowler v. Jordan, 430 So.2d 711 (La.App. 2nd Cir.1983) involved three agreements. Two were ordinary contingency arrangements; the third initially provided an hourly fee but had been amended to provide a percentage fee contingent upon settlement. The client rejected settlement offers and discharged the attorney. See 430 So.2d at 713-14. Without question where a party to such an agreement discharges his attorney before the fee is earned the attorney's mandate is revoked, the contract is dissolved, and quantum meruit provides the proper basis for recovery. See also Corne & Block v. Duke, 429 So.2d 507 (La.App. 3rd Cir.1983) (no fee agreement); Chiasson v. Law Firm of Dragon and Kellner, 335 So.2d 87 (La. App. 3rd Cir.1976) (contingent fee agreement); Smith v. Westside Lines, Inc., 313 So.2d 371 (La.App. 4th Cir.), writ denied 318 So.2d 43 (La.1975) (same). The rationale of those cases does not serve, however, to permit a client who has agreed to pay an hourly fee, and on whose behalf services have been performed pursuant to that agreement, to ignore statements for those services, discharge the attorney, and avoid contractual fee obligations theretofore incurred. As to services rendered in accordance with the parties' agreement the contractual fee provision is enforceable, see Anderson, Hawsey & Rainach v. Clean Land Air Water Corp., 489 So.2d 928 (La. App. 5th Cir.1986); see also C.C.Art. 2019; unless the fee is "excessive, unearned, or incommensurate." Moody v. Arabie, 498 So.2d 1081, 1083 (La.1986). Attorneys fees are always subject to judicial review. Leenerts Farms, Inc., v. Rogers, 421 So.2d 216 (La.1982).
Although it appears the commissioner did not credit Mrs. Lester's testimony, on this record we are unable to determine with confidence whether the award was based on the contractual rate or in quantum meruit, or whether the factors listed in DR2-106 were given due consideration. The award of $4,500.00, while perhaps not "arbitrary" as Mrs. Lester argues to this court, is inexplicable. We therefore remand the matter to afford the trial court an opportunity to make appropriate findings on the record. Cf. Reed v. Verwoerdt, 490 So.2d 421, 425 (La.App. 5th Cir.1986). Fees incurred by Mrs. Lester prior to dissolution of the community, if any, should be assessed to the community. Slater v. Slater, 410 So.2d 1197, 1200 (La.App. 3rd Cir. 1982). Interest should be awarded from the date of each statement, see Deutsch, Kerrigan & Stiles v. Rault, 389 So.2d 1373 (La.App. 4th Cir.1980), assuming contractual fees are due. Failure to issue a demand letter precludes attorneys fees under R.S. 9:2781. Retroactive application of C.C.Art. 2000 is not precluded. Act 137 of 1985; cf. Graham v. Sequoya Corp., 478 So.2d 1223 (La.1985).
The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.
SCHOTT, J., concurs with reasons.
*222 SCHOTT, Judge, concurring with reasons.
The majority remands the case to the trial court to make appropriate findings on the record. This case was referred to a commissioner by the trial judge pursuant to LSA-R.S. 13:1171. The statute requires the commissioner to prepare a written report of his findings containing a statement of the facts as found by the commissioner and an opinion based on the facts. No report is contained in the record and it appears that none was made. If by ordering the trial court to make findings we are ordering him to refer the case to the commissioner to make the report required by law I concur in the result.