250 So.2d 549 (1971)
Adolph Vernon DOUCET, Plaintiff-Appellant,
v.
STANDARD SUPPLY & HARDWARE COMPANY et al. Russell T. Tritice, Intervenor-Appellee.
No. 3540.
Court of Appeal of Louisiana, Third Circuit.
July 13, 1971.
*550 Cormie & Morgan, by Robert E. Morgan, Lake Charles, for plaintiff-appellant.
Plauché, Sanders, Smith & Hebert, by A. Lane Plauché, Lake Charles, for defendants-appellees.
McHale & Bufkin, by Louis D. Bufkin, Lake Charles, for intervenor-appellee; Russell T. Tritico, in pro. per.
Before FRUGÉ, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff appellant Adolph Doucet appealed the trial court's judgment awarding the contracted percentage as attorney's fees to attorney Russell T. Tritico whose employment was terminated by plaintiff after a settlement offer had been accepted. We amend and affirm.
Plaintiff was injured on March 23, 1970. On March 28, 1970 he employed Tritico "to commence and prosecute" the claim and assigned him "a lien of 30% of all amounts recovered by compromise or judgment." The contract of employment was recorded in the records of Calcasieu Parish in accordance with LSA-R.S. 37:218.
On June 19, 1970, after obtaining Doucet's approval, Tritico transmitted a settlement offer to defendants of $12,000 for plaintiff plus $3,130.52 which had been paid to plaintiff in workmen's compensation benefits. This $3,130.52 would be paid to the compensation insurer. This settlement offer was rejected by defendants and Tritico filed suit on behalf of Doucet on July 22, 1970.
Defendant then agreed to settle for plaintiff's original offer. On August 6, 1970 a compromise agreement and drafts for $15,130.52 were delivered to Tritico.
Plaintiff then rejected the settlement, discharged Tritico and employed other attorneys to represent him in this matter. Tritico immediately made demand claiming a fee of 30% of $15,130.52. This was the fee awarded by the trial court.
At trial of the merits of plaintiff's claim, defendant stipulated liability and the sole issue presented to the jury was quantum. The jury awarded $14,000 out of which the compensation benefits and medical expenses ($3,311.02) were to be deducted.
Doucet contends that Tritico's fee should be based on quantum meruit rather than on the contingent fee contract. Alternatively, he contends that no fee should be allowed on the $3,311.02 portion of the award which went to the compensation insurer.
On the first issue, Doucet submits: A contract for services of an attorney is not a hiring of labor but a mandate. LSA-C.C. 3028. Accordingly, a principal has the right to revoke the powers of agency. When an employment contract between attorney and client is revoked, the attorney is entitled to recover for services actually performed on the basis of quantum meruit. Louque v. Dejan, 129 La. 519, 56 So. 427 (1911); Schiro v. Macaluso, 13 La.App. 88, 126 So. 244 (Orleans, 1930); Marchand v. Gulf Refining Co. of Louisiana, 187 La. 1002, 175 So. 647 (1937).
*551 We distinguish these cases. Here the employment was terminated after the attorney satisfied the condition of the contract which entitled him to the stipulated fee.
In Louisiana, the legal principles applicable to regulate the attorney-client relationship are those set forth in Civil Code Articles 2985-3034, relating to mandate. Hathorn v. McKay, 236 So.2d 74 at 79 (La. App.3d Cir. 1970).
Applicable here is LSA-C.C. Art. 3022:
"The principal ought to reimburse the expenses and charges which the agent has incurred in the execution of the mandate, and pay his commission where one has been stipulated.
If there be no fault imputable to the agent, the principal cannot dispense with this reimbursement and payment, even if the affair has not succeeded; nor can he reduce the amount of reimbursement, under pretense that the charges and expenses ought to have been less."
The employment contract between Doucet and Tritico was valid. Doucet approved the offer which Tritico submitted on June 19, 1970. After suit, defendant delivered drafts and settlement papers based on this offer. The trial jury's award established the fairness of the recommended settlement. Through no fault of Tritico, Doucet rejected the compromise. Tritico is entitled to the stipulated 30% commission. LSA-C.C. Art. 3022.
On the second issue, we find that the trial court erred in allowing the 30% fee on the $3,130.52 tendered as reimbursement to the insurance carrier for workmen's compensation and medical expenses paid to or on behalf of Doucet.
The employment contract was prepared by Tritico. The contract did not specifically provide that the fee would be based on amounts recovered, but to be paid to the subrogated insurance carrier. Vagueness in the contract is interpreted against the party responsible for preparing the contract. See LSA-C.C. Art. 1958.
Had the recovery in this instance been $3,000 (all of which would go to settle the subrogated claim), Tritico's interpretation of this contract would have Doucet pay $900 for services which resulted in no recovery for Doucet. The contract expressly provided that "If no recovery is obtained, no fee shall be payable to the attorneys." Tr. 22.
The provision that the fee will be 30% of "all amounts recovered" is subject to the interpretation that the fee will be based on amounts recovered for the sole benefit of Doucet. As a result of Tritico's services, $12,000 was tendered to Doucet for his claim. Tritico is entitled to 30% of that sum.
The award to Russell T. Tritico is reduced to the sum of $3,600. As amended the trial court judgment is affirmed. Costs of this appeal are assessed one-half to Russell T. Tritico and one-half to plaintiff appellant.
Amended and affirmed.