335 So.2d 87 (1976)
Preston J. CHIASSON and Della D. Chiasson, Plaintiffs-Appellees,
v.
LAW FIRM OF DRAGON & KELLNER, Intervenor-Appellant.
No. 5527.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Rehearing Denied August 4, 1976.
*88 Robert A. Dragon, Jr., Lafayette, for defendant-appellant.
Nathan A. Cormie and Assoc. by Ronald J. Bertrand, Lake Charles, for plaintiffs-appellees.
*89 Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Before MILLER, DOMENGEAUX, and PAVY, JJ.
MILLER, Judge.
Intervenors Dragon & Kellner suspensively appealed the judgment rejecting their claim for attorney fees and expenses under their contingent fee contract with plaintiffs Preston J. and Della D. Chiasson. The Chiasons moved to dismiss the appeal. We deny the motion to dismiss and affirm the trial court judgment.
On August 12, 1971, the Chiassons were injured in Lafayette Parish when their automobile was rear-ended by one driven by Hutchison, the defendant in the original lawsuit. At trial the Chiassons were not represented by intervenors and the court awarded the Chiassons $4,135.19. That judgment is final and Hutchison's insurer deposited $4,135.19 in the registry of court.
The Chiassons' first attorneys, Dragon & Kellner, were employed under a unilateral contingent fee contract signed by the Chiassons providing:
We do hereby agree to pay (Dragon & Kellner) 25 per cent of any settlement obtained in said case if same is settled at any time prior to instituting of suit, and 1/3 per cent of any settlement, verdict or recovery obtained in said action after instituting of suit, and they in addition thereto receive all costs and disbursements recovered. We hereby agree with said attorneys not to make any settlement unless they are present and receive their share in accordance with this agreement.
Suit was promptly instituted. Although the Chiassons wanted their attorneys to negotiate for a settlement of the $114,000+ claim, the Chiassons and their attorneys never agreed between themselves to a minimum settlement figure. Without prior approval of their clients, Dragon & Kellner negotiated a settlement of $5,090.62 which would have netted from $1,700 to $1,900 as the Chiassons' share. Dragon & Kellner presented the settlement papers and a draft to the Chiassons and recommended they accept. The Chiassons rejected the settlement offer and sought representation elsewhere. They paid Dragon & Kellner $800 of the $1,027.25 claimed as money expended by Dragon & Kellner on behalf of the Chiassons. As noted, the litigation resulted in a $4,135.19 judgment.
Dragon & Kellner claim an attorney's fee of one-third of $5,090.62, the gross amount of the negotiated settlement, plus $227.25 as reimbursement for expenses in excess of the $800 previously paid by the Chiassons. They filed a lien claiming $1,924.12.
After the $4,135.19 was deposited in the registry of court, Dragon & Kellner ruled the Chiassons into court to show cause why they should not be entitled to $1,924.12 of the $4,135.19 in the registry of court, this in addition to the $800 previously received. After trial of the rule, the trial court assigned written reasons refusing to recognize the terms of the contingent fee contract and ruled that Dragon & Kellner are "entitled to recover on the basis of quantum meruit and the matter is hereby ordered reopened for the purpose of receiving evidence on this issue." The court concluded its reasons with the statement that an appropriate judgment would be signed upon presentation. No judgment was presented.
Approximately one year later the Chiassons ruled Dragon & Kellner into court to show cause why their lien should not be cancelled and why the Chiassons should not be paid the $4,135.19 on deposit. Dragon & Kellner answered the rule and stated in their answer:1) the court had never fixed a trial date for the purpose of receiving evidence on the issue of quantum meruit; 2) for their claim in quantum meruit, the law firm resubmitted the evidence *90 taken at the prior hearing on their claim under their contingent fee contract; and 3) they waived their appearance at the hearing of Chiassons' rule to cancel their lien.
Following that hearing the trial court ordered the clerk of court to 1) cancel Dragon & Kellner's lien and 2) pay the entire $4,135.19 to the Chiassons and their attorney who represented them at trial. Dragon & Kellner perfected a suspensive appeal from that judgment.

MOTION TO DISMISS APPEAL
The Chiassons contend Dragon & Kellner's appeal should be dismissed because they are appealing the trial court's "Reasons for Judgment" on their rule for attorney's fees and the judgment dismissing their rule has not been signed. We reject that contention on finding the appeal to have been taken from the judgment denying their claim for attorney fees. The appeal was timely perfected. The fact that Dragon & Kellner waived appearance and elected to stand on evidence previously introduced in the record does not preclude them from appealing the judgment rendered against them.

ON THE MERITS
Dragon & Kellner rely on Doucet v. Standard Supply & Hardware Company, 250 So.2d 549 (La.App. 3 Cir. 1971) and Lytle v. Commercial Insurance Company of Newark, N.J., 285 So.2d 289 (La.App. 3 Cir. 1973) as authority for recovery of the full amount claimed. In both cases, the clients authorized their attorneys to settle the case, then later changed their minds. The trial court distinguished these cases in that here the Chiassons "never approved the settlement nor even authorized Mr. Kellner to negotiate a settlement for the figure offered by defendants."
LSA-R.S. 37:218 authorizes contingent fee contracts which stipulate ". . . that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim."
The contingent fee contract prepared by intervenors prohibited the Chiassons from settling unless intervenors were present and received their share of the settlement, but did not treat the problem of settlements negotiated by the attorneys without prior approval of their clients. This provision is not in full compliance with the quoted provisions of LSA-R.S. 37:218. Accordingly, the attorneys had no right to bind their clients to the settlement they negotiated. A contingent fee contract must be made in full compliance with LSA-R.S. 37:218 to be enforced. Succession of Vlaho, 140 So.2d 226 (La.App. 4 Cir. 1962).
When an employment contract between attorney and client is revoked, the attorney is entitled to recover for services actually performed on the basis of quantum meruit. The attorney has the burden of proving the value of his services and the extent of his actual expenses. Smith v. Westside Transit Lines, Inc., 313 So.2d 371 (La.App. 4 Cir. 1975); Guilbeau v. Fireman's Fund Insurance Company, 293 So.2d 216 (La.App. 3 Cir. 1974); Kramer v. Graham, 272 So.2d 716 (La.App. 3 Cir. 1973).
Recovery under quantum meruit is limited to the actual value of services rendered. Custom Builders & Supply, Inc. v. Revels, 310 So.2d 862 (La.App. 3 Cir. 1975), and authorities therein cited.
There is no manifest error in the trial court's determination that Dragon & Kellner's fee must be based on quantum meruit. They could have introduced evidence to establish the value of their services and actual expenses. They elected instead to rely on testimony presented at a prior hearing. This testimony gives no indication *91 as to the amount of time spent or actual expenses incurred on behalf of the Chiassons. The law firm failed to carry its burden of proof.
The trial court must have concluded $800 fairly compensated them for their actual services and expenses. The record in this case was limited at their request and does not establish manifest error in the trial court's conclusion.
The trial court judgment is affirmed at appellant's costs.
AFFIRMED.