STOKER, Judge,
concurring.
I concur in the result reached in the majority opinion in this case. However, I wish to state that I do not agree with the findings of fact stated by the trial judge, particularly his credibility evaluation as it affects plaintiff, James A. Pharis, Jr. This disagreement should not, by any means, reflect upon the attorney for the succession of Elmer Rayner. The filing of the descriptive list which omitted any mention of Mrs. Ray-ner’s interest in the property does not necessarily indicate an intention to trifle with her rights. Nevertheless, the omission was made, and any attorney representing Mrs. Rayner was duty bound to take note of the omission and respond as he felt appropriate. Perhaps, a telephone call would have sufficed. On the other hand, I do not think plaintiff should be faulted for having traversed the descriptive list. An eminent practitioner in Alexandria and past president of the Louisiana State Bar Association testified as an expert witness. In response to a question on cross examination by the attorney for Mrs. Rayner, the expert stated emphatically that, if he had been faced with the same situation as Mr. Pharis was presented with, he would have felt that legal action was necessary and should have been filed quickly.
Hence, it is my feeling that the action of plaintiff Pharis was fully justified. It is true that the attorney for the succession promptly filed amended pleadings to correct any impression that Mrs. Rayner’s rights were going to be ignored. I do agree with the trial judge in that I do not believe the attorney for the succession would have considered for one moment any action of the sort feared by Mr. Pharis. Nevertheless, the descriptive list was filed, omitting mention of Mrs. Rayner’s interest, and there was no assurance that the same succession attorney would continue to represent the succession. Therefore, Mr. Pharis’ actions were prudent.
Despite any feelings expressed above, I do not believe that the contingency fee contract should be enforced for the reasons given in Simon v. Metoyer, 383 So.2d 1321 (La.App. 3rd Cir. 1980). I would make an award based on quantum meruit,[1] but the matter has not been pursued in this appeal. Failure of the trial court to make such an award was not listed by plaintiff in his specifications of error or the listing of issues.

. Under the case of Chiasson v. Law Firm of Dragon & Kellner, 335 So.2d 87 (La.App. 3rd Cir. 1976) quantum meruit wouid be the proper term. Possibly under Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978), the term may be inappropriate. It is clear under Saucier, however, that the courts have authority to reduce fees called for in contingency contracts to amounts commensurate with the value of services performed.