LOTTINGER, Judge.
This is a suit on a promissory note. From a judgment in favor of plaintiff, defendant has appealed.
The note in question was executed in connection with a credit sale. On November 29, 1979, suit was filed by plaintiff, General Electric Credit Corporation (GECC), against the defendant, Gwendolyn Coleman, in the amount of $250.56, the unpaid balance, plus interest and attorney fees. During the spring of 1980, verbal negotiations were conducted between counsel for both parties. In a letter dated July 7, 1980, addressed to counsel for plaintiff, defendant proposed that the debt be paid by her to a liquidated total of $309.55, in 12 monthly installments of $25.00 each and a final installment of $9.55. The first installment was due July 15,1980. It was further proposed that when all installments had been paid, plaintiff would dismiss the suit.
Defendant tendered her check for $25.00 on July 15. The check was endorsed and deposited by plaintiff’s counsel, but returned by the bank because of insufficient funds. On August 7, plaintiff’s attorney wrote to defense counsel informing him of the NSF check and requested that judgment be stipulated to. This request was refused. Around October 13 plaintiff’s attorney received a $25.00 check from a Family Debt Counselors on behalf of defendant. This check was endorsed, deposited, and the funds disbursed to GECC.
Prior to this suit going to trial, defendant filed the peremptory exception of res judi-cata, contending that there had been a valid settlement and compromise entered into which barred judgment. The exception was tried at the same time as the merits.
The trial court denied the exception and rendered judgment for $250.56, together with legal interest and attorney’s fees, subject to a credit of $25.00.
In appealing defendant-appellant has assigned four specifications of error, but these resolve into only two issues: (1) whether there was a valid settlement and compromise entered into, and (2) whether the trial court was correct in assessing attorney fees when neither the promissory note nor the credit sales contract were introduced into evidence and there is no applicable statute authorizing attorney’s fees.
ISSUE NO. 1
Defendant basically argues that the acceptance of the checks on July 15 and October 13 by plaintiff’s counsel amounted to an acceptance of her letter proposal of August 7.
The general rule in Louisiana is that an attorney cannot sign a binding settlement agreement for and on behalf of his client without written authorization. See Singleton v. Bunge Corporation, 364 So.2d 1321 (La.App. 4th Cir. 1978) and the cases cited therein. The record is clear that no authorization existed for plaintiff’s counsel to enter into any settlement agreement. This factor alone is sufficient to dispose of this issue, but we feel constrained to state that even if all of the conditions for a valid compromise and settlement had been met in perfecting such, we still find that the trial *378 judge was not in error in denying the exception.
Conceding for the sake of argument that plaintiff’s attorney had the authority to enter into a settlement, and the formal requirements had been met, we find that the attempted payment with a NSF check on July 15 is sufficient to void the agreement. Smith Construction Company, Inc. v. Brechtel, 51 So.2d 643 (La.App. Orl. Cir. 1951). The acceptance of the check on October 13 is of no moment in light of the intervening letter of August 7 informing defense counsel of the NSF check and the possibility of a stipulated judgment. This certainly expressed the intention not to accept any settlement offers.
ISSUE NO. 2
Though the promissory note sued upon was not filed into evidence, an affidavit attesting to the advertisement of the promissory note being lost was introduced into evidence. However, the credit sales agreement which did provide for attorney fees was not introduced nor was any testimony as to the amount of attorney fees offered. The credit sales agreement was attached to the petition, but this alone is insufficient. Absent any evidence of an agreement as to attorney fees or any statutory authority, the trial judge was in error in awarding same.
Therefore, for the above and foregoing reasons the judgment of the trial court is amended to award plaintiff the sum of $250.56 together with legal interest, subject to a credit of $25.00, and as amended is affirmed. All costs in this and the trial court are assessed to defendant-appellant.
AMENDED AND AFFIRMED.