435 So.2d 1151 (1983)
FREDRIC HAYES, INC., Plaintiff-Appellant,
v.
Herman O. ROLLINS, Jr., Defendant-Appellee.
No. 83-67.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1983.
Fredric G. Hayes, Lafayette, for plaintiff-appellant.
Harris, Stampley, McKee, Bernard & Broussard, Gilbert E. Stampley, New Orleans, for defendant-appellee.
Before DOMENGEAUX, CUTRER, and STOKER, JJ.
DOMENGEAUX, Judge.
Fredric Hayes, Inc., (a law corporation) plaintiff-appellant herein, filed this suit against Herman O. Rollins, Jr., defendant-appellee, seeking to recover $10,000.00 in attorney's fees plus expenses pursuant to a contingency fee contract for legal services in connection with the defendant's personal injury claim. The case was submitted to the district judge on a stipulation of facts, wherein it was agreed by the parties that $325.00 was previously due to the plaintiff for representation of the defendant in a social security hearing in which disability benefits were recovered. The district judge thereafter rendered judgment in favor of the plaintiff for the $325.00 fee that was previously due, and in favor of the defendant on the claim for contingency fees and expenses. Plaintiff thereafter devolutively appealed to this court.
The facts designated by the parties are as follows: The plaintiff and the defendant entered into an employment contract in connection with defendant's personal injury claim on January 17, 1975, whereby the plaintiff was to receive as compensation for its services one-third (1/3) of any recovery and was assigned an interest in the claim in accordance with the provisions of La.R.S. 37:218.[1] After suit was filed in Federal Court on the defendant's claim, the plaintiff *1152 entered into a settlement agreement with the other parties to the action on October 2, 1978, in the amount of $30,000.00. A settlement petition, as well as checks totaling $30,000.00 were received by the plaintiff. The federal suit was dismissed on January 4, 1979, and has not been reinstituted since.
However, the defendant refused to sign the settlement agreement or to endorse the check. Rather, the defendant notified the plaintiff that he no longer desired to retain it as his attorney and that he would seek other counsel. The plaintiff thereafter instituted this suit.
In the district judge's reasons for judgment, he denied the plaintiff recovery on its claim for a $10,000.00 contingency fee plus expenses, since he concluded that there had been no settlement of the defendant's claim due to his refusal to execute the settlement documents or to negotiate the draft. The plaintiff argues on appeal that these conclusions of the trial judge were erroneous, and that the judgment rendered in favor of the defendant should thereby be reversed.
We are unable to agree with the plaintiff's argument. The law is quite clear in our jurisprudence that a party's counsel of record does not have authority to settle a client's claim without his client's "clear and express consent." See Baker v. Purselley, 411 So.2d 553 (La.App. 1st Cir.1982); General Electric Credit Corporation v. Coleman, 408 So.2d 376 (La.App. 1st Cir.1981); Singleton v. Bunge Corporation, 364 So.2d 1321 (La.App. 4th Cir.1978). The record in this case is totally devoid of any evidence demonstrating that the defendant ever consented in any manner whatsoever to the settlement confected by the plaintiff. Thus, the district judge was correct in determining that there was no settlement of the defendant's claim.
The case of Doucet v. Standard Supply & Hardware Company, 250 So.2d 549 (La.App. 3rd Cir.1971) cited by the plaintiff in support of its argument is inapposite to the situation at hand. As was correctly observed by this Court in Chiasson v. Law Firm of Dragon & Kellner, 335 So.2d 87 (La.App. 3rd Cir.1976), the client in Doucet authorized his attorney to settle the case for him, but later changed his mind. Conversely, in the situation at hand, the record does not indicate that any settlement offer was ever approved by the defendant. Therefore, we can only conclude that the plaintiff is not entitled to receive the contingency fee for whatever services it rendered to the defendant.
It should be noted that our holding herein is limited to the issue of the plaintiff's entitlement to receive a contingency fee for its services. We express no opinion on any other remedies which may or may not be available to the plaintiff.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs on appeal are assessed against Fredric Hayes, Inc.
AFFIRMED.
NOTES
[1] La.R.S. 37:218 provides:

"By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made."