# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1144

**ANTONIO ROGERS D/B/A/ CUSTOM HOME
CONSTRUCTION & DESIGN**

**VERSUS**

**ALECISA MUMFORD**

************

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-2586
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE**

************

**JAMES T. GENOVESE
JUDGE**

************

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED**.

Peter J. Pohorelsky
John R. Pohorelsky
Scofield, Gerard, Singletary & Pohorelsky
Post Office Drawer 3028
Lake Charles, Louisiana 70602-3028
(337) 433-9436
COUNSEL FOR PLAINTIFF/APPELLEE:
    Antonio Rogers d/b/a Custom Home
    Construction & Design

**Scott J. Pias**
**522 Alamo Street**
**Lake Charles, Louisiana 70601**
**(337) 436-1288**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Alecisa Mumford**

**Scott J. Pias**
**522 Alamo Street**
**Lake Charles, Louisiana 70601**
**(337) 436-1288**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Alecisa Mumford**

**GENOVESE, Judge.**

In this breach of contract case, Defendant appeals the trial court's grant of Plaintiff's Motion to Enforce Settlement Agreement. For the following reasons, we reverse and remand.

## FACTS

Defendant, Alecisa Mumford, hired Plaintiff, Antonio Rogers d/b/a Custom Home Construction & Design (Rogers), in March of 2007 to perform repair work on her home as a result of damages inflicted by Hurricane Rita. When Ms. Mumford became dissatisfied with the work being performed, she terminated her contract with Rogers. On May 11, 2007, Rogers instituted the present litigation, alleging that Ms. Mumford's failure to pay for the work done was a breach of their construction contract. Mumford responded, alleging that Rogers had performed unsatisfactory work.

On November 11, 2007, Rogers filed a Motion to Enforce Settlement Agreement wherein he contended that a settlement agreement had been reached between the parties which was evidenced by an executed settlement document signed by Rogers and Ms. Mumford on November 8 and 15, 2007, respectively. In his motion, Rogers requested that the trial court order Ms. Mumford to comply with the terms of the settlement agreement. In opposition thereto, Ms. Mumford contended that the parties, although involved in settlement negotiations, had never reached a final agreement, and, consequently, no payments were made, and the delivery of the settlement documents was never completed.

The Motion to Enforce Settlement Agreement was heard by the trial court on December 14, 2007. The trial court ruled that there was an "unfortunate disagreement" between the parties, that there was an agreement as to everything except the $4,590.00

for the doors and windows, and that Rogers was to receive the amount set forth in the settlement agreement ($22,542.70) less the $4,590.00 for the doors and windows. However, on March 10, 2008, the trial court rendered a contrary "Ruling," finding the settlement agreement between the parties enforceable, thereby awarding Rogers the full $22,542.70 and also ordering Ms. Mumford to pay for the doors and windows.[1] The trial court signed a formal judgment on March 11, 2008. It is from this judgment that Ms. Mumford appeals.

## ISSUES

Ms. Mumford raises the following issues for our review:

1.

The nullity of the March 10, 20008 [sic] ruling by the [t]rial [c]ourt.

2.

The nullity of the March 11, 2008 Judgment in favor of a non-party, Creative Doors and Windows, in the amount of $4,590[.00] against Ms. Mumford.

3.

The actions of the trial court on March 10, 2008 [are] not supported by the record and the amounts awarded to Plaintiff and a non-party against Ms. Mumford should be reversed.

## LAW AND DISCUSSION

In the first issue presented for our review, Ms. Mumford asserts that the ruling of the trial court of March 10, 2008, is a nullity because the trial court "entered a final Judgment on the record on December 14, 2007." She contends that the trial court's

---

[1]There was no formal judgment signed following the oral reasons for judgment rendered by the trial court at the December 14, 2007 hearing, and the nature of the proceedings in the trial court on March 10, 2008, is disputed by the parties. The record contains a transcript of the trial court's ruling on March 10, 2008, which differs from that of December 14, 2007. However, given our findings below, we need not address the procedural deficiencies, *vel non*, surrounding the hearing before the trial court on March 10, 2008.

statement made at the March hearing that the matter had been taken "under advisement" in December was incorrect. Ms. Mumford concludes that despite not having been provided notice of the March hearing, the trial court "put on the record a *second* Judgment" in which the trial court "attempted to substantially modify the original final judgment against Ms. Mumford." For the reasons explained below, we need not address the merits of Ms. Mumford's contentions relative to the March 10, 2008 hearing, nor her contentions relative to the substance of the judgment signed on March 11, 2008, relative to the trial court granting a judgment in favor of a non-party to the present litigation.

The only real issue before this court is whether Ms. Mumford and Rogers entered into a valid and enforceable settlement agreement. If so, the trial court was correct in granting the Motion to Enforce Settlement Agreement. If not, then the matter must be remanded for a trial on the merits.

"A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ. Code art. 3071. "Such a compromise is valid only if the parties share a meeting of the minds as to their intent." *Amy v. Schlumberger Technology Corp.*, 00-175, p.4 (La.App. 3 Cir. 6/14/00), 771 So.2d 669, 672 (citing *Am. Bank & Trust Co. v. Hannie*, 568 So.2d 216 (La.App. 3 Cir. 1990), *writ denied,* 572 So.2d 64 (La.1991)). After reviewing the evidence in the record of these proceedings, we find that the documents establish that there was never a meeting of the minds between the parties. Accordingly, there was no valid and enforceable settlement agreement between Rogers and Ms. Mumford.

The correspondence exchanged between counsel for the parties clearly

3

establishes that although the parties were discussing possible settlement, both before and after the execution of the settlement documents, there existed a dispute regarding payment of $4,590.00 for the doors and windows. This figure constitutes an amount owed to a third-party supplier, Creative Door and Window, for custom doors and windows which were to be installed in Ms. Mumford's home. There is no dispute between the parties that this amount remained unpaid. What was disputed was whether Rogers or Ms. Mumford was to be responsible for the payment to Creative Door and Window.

On May 18, 2007, Ms. Mumford communicated through her counsel an "offer to pay [Rogers] $22,542.70 in settlement of all of his claims." Notably, this same correspondence reflects that there existed an outstanding payment yet to be made to Creative Door and Window despite "a billing for $4,500.00 for windows and doors and a check accompanying that, purporting to suggest that the invoice for those doors have been paid." On October 12, 2007, counsel for Rogers responded, stating that Mr. Rogers "would be willing to accept [the] initial offer of $22,542.70 in settlement" and that he hoped that they could "settle this matter in the coming days" without any mention of the amount owed to Creative Door and Window. On October 29, 2007, counsel for Rogers forwarded to counsel for Ms. Mumford a Settlement and Release of Claims Agreement. On October 30, 2007, counsel for Ms. Mumford returned the proposed settlement documents with revisions. It was again noted in this correspondence, which predated the execution of the settlement documents, that "the man who supplied the windows and doors had not been paid." What transpired next was the signing of the settlement documents by Ms. Mumford on November 8, 2007, and by Rogers on November 15, 2007.

4

The parties continued to discuss the payment yet to be made to Creative Door and Window even after the settlement documents were signed. This is evidenced by the correspondence of November 16, 2007, which advised counsel for Rogers that Ms. Mumford "is willing to enter into the agreement to settle the case upon payment of the amount that she has tendered, but out of that, Mr. Rogers will have to pay for the doors and windows." Rogers filed his Motion to Enforce Settlement on November 21, 2007.

> The standard of appellate review of a trial court's factual findings is well settled and has long been established in this state. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Our supreme court set forth a two-part test for the reversal of a factfinder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *Earls v. McDowell*, 07-17 (La.App. 5 Cir. 5/15/07), 960 So.2d 242, citing *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993).

*Cole v. Allstate Ins. Co.*, 07-1046, p.2 (La.App. 3 Cir. 6/5/08), 987 So.2d 310, 312, *writ denied*, 08-1463 (La. 10/31/08), 994 So.2d 535.

In the case at bar, we find that the evidence fails to establish a reasonable factual basis to support the judgment of the trial court enforcing the settlement agreement. There clearly was never a meeting of the minds between the parties before and after the signing of the settlement documents as to who was going to be responsible for the $4,590.00 payment due to Creative Door and Window. The series of correspondence between counsel was clear and explicit that this issue needed to be resolved and was never resolved; consequently, it must be resolved by a trial on the merits. As characterized by the trial court in the December 14, 2007 transcript, what remains is "an unfortunate disagreement." Therefore, we find that there was an absence of a meeting of the minds between the parties as to the issue of payment for the doors and

windows and that the trial court committed manifest reversible error in granting the Motion to Enforce Settlement Agreement.

## DECREE

For the foregoing reasons, the March 11, 2008 judgment of the trial court granting Plaintiff's Motion to Enforce Settlement Agreement is reversed, and the matter is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed to Antonio Rogers d/b/a Custom Home Construction & Design.

**REVERSED AND REMANDED.**