# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 16-81


MARGARET F. SPEARS AND
WILLIE L. SPEARS

VERSUS

SAFEWAY INSURANCE COMPANY
OF LOUISIANA AND ITS INSURED,
ANDREW WARD


************

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 2012-CV-00435
HONORABLE RICHARD E. STARLING, JR., JUDGE

************

JAMES T. GENOVESE
JUDGE

************


Court composed of John D. Saunders, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**

**Holli K. Yandle**
**Tracy L. Oakley**
**Nichole Laborde Romero**
**Angelique P. Provenzano-Walgamotte**
**Kerr A. Vidrine**
**W. Brett Cain**
**Post Office Box 92807**
**Lafayette, Louisiana 70509**
**(877) 323-8040, ext. 2125**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Safeway Insurance Company of Louisiana**


**Eugene A. Ledet, Jr.**
**Brian M. Caubarreaux**
**Robert M. Marionneaux, Jr.**
**Emily G. Meche**
**Jeff D. Easley**
**Brian Caubarreaux & Associates, A Professional Law Corporation**
**4501 Jackson Street Ext., Suite A**
**Alexandria, Louisiana 71303**
**(318) 442-0900**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Margaret F. Spears and Willie L. Spears**

**GENOVESE, Judge.**

Defendant, Safeway Insurance Company of Louisiana (Safeway), appeals a judgment in favor of Plaintiffs, Margaret F. Spears (Margaret) and Willie L. Spears (Willie), declaring that Plaintiffs had not settled their claims against Safeway prior to filing the instant lawsuit. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 13, 2012, Margaret was involved in an automobile accident with Safeway's insured, Andrew Ward.[1] She went to the emergency room (ER) of Christus St. Frances Cabrini Hospital in Alexandria the day following the accident, complaining of back, neck, and shoulder pain. On June 19, 2012, Margaret and Willie filed suit against Safeway and Mr. Ward.[2] Margaret asserted a bodily injury claim, and Willie asserted a loss of consortium claim.

Safeway answered, alleging that Margaret and Willie had settled their claims prior to the filing of their lawsuit by endorsing and depositing two checks dated March 21, 2012.

A bench trial was held on October 27, 2014, after which the trial court found an absence of a meeting of the minds between the parties, thereby maintaining the claims of Margaret and Willie against Safeway. Thereafter, the trial court took the

---

[1]The Petition for Damages filed herein alleged, in pertinent part:

> On or about February 13, 2012, at approximately 11:15 a.m., plaintiff, Margaret Spears, operated her 2009 Lexus in the northbound lane of US Hwy 167, in Pineville, Louisiana, when suddenly and without warning, defendant driver, Andrew Ward, drove his 2011 Nissan Versa, at an estimated speed of 55 miles per hour, from the southbound lane, across the grassy median into the northbound lane, violently crashing into plaintiff's front driver's side with the front passenger side of his vehicle, seriously injuring Mrs. Spears and causing major damage to her vehicle. Mrs. Spears was seen in the hospital emergency room and continues under doctor's care.

[2]Mr. Ward was never served.

issue of damages[3] under advisement. On May 7, 2015, the trial court issued written Reasons for Judgment awarding $25,000.00 in general damages and $5,206.00 in special damages to Margaret and $1,250.00 for loss of consortium to Willie. Judgment was signed June 24, 2015.[4] Safeway filed a motion for new trial which the trial court granted in part and denied in part.[5] Safeway has filed a suspensive appeal.

## ASSIGNMENTS OF ERROR

Safeway assigns the following errors for our review:

1. The trial court committed manifest error when it disregarded documents and objective evidence that so blatantly contradicted Plaintiffs/Appellees' testimony that Plaintiffs/Appellees' testimony should not have been credited.

2. The trial court committed manifest error when it disregarded the generally prevailing meanings of words in favor of such implausible interpretations of words that Plaintiffs/Appellees' testimony should not have been credited.

## LAW AND DISCUSSION

Whether a settlement was perfected is in dispute. Louisiana Civil Code Article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code Article 3072 requires: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." "[A] compromise is valid only if the parties share a meeting

---

[3]Mr. Ward's negligence was not contested.

[4]Judgment reflected a limitation of Margaret's damages to Safeway's policy limits of $15,000.00.

[5]Safeway's motion for new trial was granted in part to credit Safeway for its payment of $452.00 toward Margaret's ER bill. Safeway's motion for new trial re-urging the defense of settlement was denied. Judgment was signed October 5, 2015.

2

of the minds as to their intent." *Lemoine v. Thornton*, 13-889, p. 8 (La.App. 3 Cir. 2/12/14), 161 So.3d 666, 671 (citing *Am. Bank & Trust Co. v. Hannie*, 568 So.2d 216 (La.App. 3 Cir. 1990), *writ denied*, 572 So.2d 64 (La. 1991)). In the instant case, the trial court found an absence of a meeting of the minds between the parties and ruled there was no settlement.

In *Adrian v. Adrian*, 15-419, pp. 2-3 (La.App. 3 Cir. 11/4/15), 178 So.3d 297, 299-300, this court explained the standard of review applicable herein as follows:

> This court has applied the manifest error/clearly wrong standard when reviewing a "trial court's determination that there existed a valid and enforceable settlement agreement." *Geer v. BP Am. Prod. Co.*, 14-450, p. 4 (La.App. 3 Cir. 11/5/14), 150 So.3d 621, 624-25, *writ denied*, 14-2558 (La.2/27/15), 159 So.3d 1070. As we explained in *Geer*, our rationale for doing so was "'because the existence or validity of a compromise depends on a finding of the parties' intent, an inherently factual finding.'" *Id.* at 625 (quoting *Klebanoff v. Haberle*, 43,102, p. 4 (La.App. 2 Cir. 3/19/08), 978 So.2d 598, 601).

Therefore, we will apply the manifest error standard of review to the trial court's ruling that Margaret and Willie had not settled all of their claims against Safeway prior to filing suit.

Safeway's assignments of error assail the trial court's reliance upon the testimonies of Margaret and Willie. Safeway contends that trial court erred by ignoring its objective evidence, which it alleges contradicts the testimonies of Margaret and Willie.

On March 21, 2012, Safeway sent Margaret and Willie a letter and two checks: (1) check number 185217 for $494.55, payable to Margaret and Willie, and, (2) check number 185218 for $452.00, payable to Margaret, Willie, and Haik, Minvielle, and Grubbs. On the front of both checks, the following inscription appeared: "Full and final settlement FOR ALL CLAIMS for accident on 02/13/12

3

at 1700 US HWY 167 PINEVILLE, LA." Safeway's letter, signed by Keisha Guy, the claims adjuster assigned to the claim, characterized the checks as payments pursuant to a verbal settlement agreement reached between the parties on March 20, 2012. Safeway argues that it reached a settlement agreement that was reduced to writing and signed by Margaret and Willie, thereby creating a valid settlement.

Safeway also contends that the trial court erred in accepting Willie's alleged understanding of its settlement language. Willie claimed that he understood "full and final settlement of all claims" meant existing claims and not any future claims. Safeway argues that Willie's interpretation was implausible and that it was unreasonable for the trial court to credit his testimony.

Margaret denied that she agreed to a settlement. Margaret testified that she had only one brief telephone conversation with Safeway shortly after her accident and that the conversation was not about settling her claims. Margaret admitted, however, that Willie handled all business matters.

Willie denied that he agreed to a settlement. Willie testified that he called Safeway after receiving a letter from an attorney regarding Margaret's ER bill, which he believed was a threat that he would be sued if the bill was not paid. Willie claims that he told Safeway about the letter he received regarding the ER debt and about expenses he and Margaret had paid for a rental vehicle. Safeway informed Willie that payment would be sent once he sent them both bills. Willie was unequivocal that he did not agree to settle future claims. He claimed that he called Safeway after he received two checks to ask whether negotiating the checks meant that future claims could not be filed, and he was assured that negotiating the checks would not release Safeway from paying future claims.

4

Safeway refuted Willie's claim that he called after receiving the two settlement checks. Safeway asserts that its records prove that Ms. Guy spoke to Willie on March 20, 2012, wherein a verbal settlement agreement had been reached. Ms. Guy did not testify. Safeway, instead, offered the testimony of Jennifer Menard, Ms. Guy's supervisor.[6] Ms. Menard did not have personal knowledge of Ms. Guy's conversations with either Margaret or Willie, yet she refuted Willie's allegation that he called Safeway after receiving the two settlement checks. Ms. Menard explained that Safeway logs all incoming and outgoing telephone calls. She testified that a review of Safeway's call log was performed by Darrell Mesh, an information technology specialist, which did not show a call being received from Willie after March 20, 2012. However, Ms. Menard conceded that Willie could have called from a number not known to Safeway.[7]

Considering our manifest error review of the record, we find that the trial court's ruling is reasonably supported by the evidence. Safeway's evidence, though at odds with the testimonies of Margaret and Willie, does not negate the fact that the trial court made a credibility determination. We are mindful that the trier of fact is in the best position to assess the demeanor and judge the credibility of witnesses when there is conflicting testimony. *See Hayes Fund for the First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), --- So.3d ---. "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Id*. at --- (citing *Rosell v. ESCO*, 549 So.3d 840 (La. 1989).

---

[6]Ms. Menard testified that Ms. Guy did not testify because she left her employment with Safeway for medical reasons.

[7]Safeway searched the call log for three phone numbers it had as contact numbers for Margaret and Willie.

5

Affording great deference to the trial court, we do not find its ruling to be unreasonable. Therefore, we affirm the ruling of the trial court that Margaret and Willie had not settled their claims against Safeway prior to filing their lawsuit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to Defendant/Appellant, Safeway Insurance Company of Louisiana.

**AFFIRMED.**