NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-771

JEANELL A. THOMAS

VERSUS

STATE FARM MUTUAL AUTOMOBILE

INSURANCE COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 87476-B
HONORABLE SUZANNE DEMAHY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

AFFIRMED.

**Thomas M. Daigle**
**Victor R. A. Ashy**
**Attorneys at Law**
**711 Johnston Street**
**Lafayette, LA 70501**
**(337) 234-4049**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Jeanell A. Thomas**

**Staci Knox Villemarette**
**Cloyd, Wimberly & Villemarette, L.L.C.**
**302 La Rue France, Suite 204**
**Post Office Box 53951**
**Lafayette, LA 70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **State Farm Mutual Automobile Insurance Company**
     **Haley Duplechin**

**SAUNDERS, Judge.**

In this matter we must decide whether the trial court's denial of Defendant/Appellant's Motion to Compel Execution of Release and Judgment of Dismissal was correct.

**FACTS AND PROCEDURAL HISTORY:**

On June 22, 2018, Plaintiff/Appellee, Jeanelle Thomas ("Ms. Thomas"), was involved in a motor vehicle accident with Defendant/Appellant, Haley Duplechin ("Ms. Duplechin"). Ms. Duplechin lost control of a vehicle in the eastbound lane of Interstate 10, crossed the median into the oncoming lane of travel, and struck Ms. Thomas' vehicle. Ms. Duplechin was operating a vehicle owned by Defendant/Appellant Olive Gisclaire ("Ms. Gisclaire") who was insured by Defendant/Appellant, State Farm Mutual Automobile Company ("State Farm"). Shannon Cazad ("Mr. Cazad") was the State Farm claims specialist assigned to this claim.

Following the crash, Ms. Thomas retained Thomas Daigle ("Mr. Daigle") and Victor Ashy ("Mr. Ashy") to represent her. Between June 22, 2018 and approximately October 2018 various settlement negotiations ensued between Mr. Ashy and Mr. Cazad principally via electronic mail. The electronic correspondence from Mr. Cazad identifies only Ms. Gisclaire as the named insured. Ms. Duplechin is never identified as an insured nor does her name appear in any correspondence.

Pursuant to Ms. Thomas' Affidavit dated February 26, 2019, "shortly after October 15, 2018, Victor Ashy presented her with a proposed release that included Haley Duplechin as a party to be released" and "she refused to sign the proposed release." In addition, "her attorneys never suggested she compromise her claims with Haley Duplechin" and "she never authorized her attorneys to compromise her claims with Haley Duplechin."

Suit was filed on December 3, 2018. The suit named State Farm and Ms. Duplechin, but did not name Ms. Gisclaire. On January 18, 2019, State Farm filed an answer admitting that there "may have been in full force and effect a general automobile liability insurance policy by State Farm to or on behalf of Olive Gisclaire [policy holder] and providing coverage to Haley Duplechin [driver], but denied all liability under said policy."

On February 8, 2019, State Farm filed a Motion to Compel Execution of Release and Judgment of Dismissal. Mr. Cazad's attached Affidavit states, "This matter was settled regarding JEANELL THOMAS on October 15, 2018. At no time was there any discussion of any additional exchange of documents other than the Release as a condition of settlement of this matter."

On March 11, 2019, Mr. Ashy filed an opposition to State Farm's Motion to Compel wherein Mr. Ashy states, "State Farm *never* advised that it was insuring Ms. Duplechin, negotiating on behalf of Ms. Duplechin, or otherwise had any involvement with Ms. Duplechin. In this case, there was no meeting of the minds as evidence (sic) by the unilateral inclusion of Ms. Duplechin's [name] on the Release by State Farm and by Ms. Thomas' refusal to sign any Release that included Ms. Duplechin's name."

On March 11, 2019, the trial court denied State Farm's Motion to Compel Execution of Release and Judgment of Dismissal. Judgment was signed on May 15, 2019. It is from this judgment that State Farm appeals, alleging one assignment of error.

## DISCUSSION OF THE MERITS

In its single assignment of error, State Farm alleges that the trial court erred in denying its Motion to Compel Execution of Release and Judgment of Dismissal. We disagree.

The existence of a contract is a question of fact not to be disturbed unless clearly wrong. *Rogers v. Mumford*, 08-1144 (La.App. 3 Cir. 2/4/09), 6 So.3d 848.

> The standard of appellate review of a trial court's factual findings is well settled and has long been established in this state. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Our supreme court set forth a two-part test for the reversal of a factfinder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Earls v. McDowell*, 07–17, p. 6 (La.App. 5 Cir. 5/15/07), 960 So.2d 242, 247, (citing *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993)).

Whether a settlement was perfected is in dispute. In *Spears v. Safeway Ins. Co. of Louisiana*, 16-81 (La.App. 3 Cir. 6/1/16), 195 So.3d 654 (emphasis added), this court noted:

> Louisiana Civil Code Article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code Article 3072 requires: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." **"[A] compromise is valid only if the parties share a meeting of the minds as to their intent**."

Louisiana Civil Code Article 2997 (emphasis added) provides: "Authority must also be given *expressly* to: (5) Enter into a compromise or refer a matter to arbitration." The signature of a party's attorney alone is not sufficient to affect a compromise unless the required authorization is expressly given as provided under La.Civ.Code art. 2997. *Bennett v. Great Atl. & Pac. Tea Co., Inc.*, 95-0410 (La.App. 1 Cir. 11/9/95), 665 So.2d 84, *writ denied*, 95-2981 (La. 2/9/96), 667 So.2d 536. "A party's counsel of record does not have authority to settle a client's claim without his client's 'clear and express consent.'" *Hayes v. Rollins*, 83-67, p. 1152 (La.App. 3 Cir. 1983), 435 So.2d 1151. "The general authority granted to an attorney in an

3

attorney/client contract of employment 'to settle' the client's case constitutes only authority to negotiate a settlement." *Bennett*, 665 So.2d at 86.

In oral reasons for ruling in this matter, the trial judge stated: "Victor Ashy and his client never came to an agreement with State Farm with regards to a settlement that would release Haley Duplechin also." We find this reasoning to be correct considering the evidence presented and the applicable law.

State Farm contends that the October 15, 2018, email written by Attorney Ashy confirms the details of the settlement and is the writing needed for the agreement. We disagree. There is no evidence in the record that the settlement negotiations between Mr. Cazad and Mr. Ashy *ever* included Ms. Duplechin. To the contrary, all correspondence between Mr. Cazad and Mr. Ashy, including the October 15, 2018 correspondence from Mr. Cazad to Mr. Ashy, references *only* Ms. Thomas and Ms. Gisclaire.

Additionally, Ms. Thomas submitted an affidavit which states, "[H]er attorneys never suggested she compromise her claims with Haley Duplechin" and "[S]he never authorized her attorneys to compromise her claims with Haley Duplechin." Moreover, Ms. Thomas refused to accept the release language offered by State Farm, which included Ms. Duplechin's name along with that of Ms. Gisclaire and State Farm.

Given the above, the trial court properly denied State Farm's Motion to Compel Execution of Release and Judgment of Dismissal in this case. "A compromise is valid only if the parties share a meeting of the minds." *Am. Bank & Trust Co. v. Hannie*, 568 So.2d 216 (La.App. 3 Cir. 1990), *writ denied*, 572 So.2d 64 (La.1991). "A party's counsel of record does not have authority to settle a client's claim without his client's 'clear and express consent.'" *Hayes*, 435 So.2d at 1152. Here, the record is devoid of any evidence that the parties ever enjoyed a meeting

of the minds as to their intent in entering into a settlement that included Ms. Duplechin, nor is there any evidence that Ms. Thomas gave her "clear and express" consent to do so.

## CONCLUSION:

Defendant/Appellant, State Farm Mutual Automobile Insurance Company, asserts that the trial court erred in denying its Motion to Compel Execution of Release and Judgment of Dismissal. We find no merit to this assertion given the record before us. As such, we affirm the trial court's ruling.

Costs of this proceeding are assessed to State Farm Mutual Automobile Insurance Company.

**AFFIRMED.**

5